LOUISA DOUAI WEHLE, Respondent, *v.* WILLIAM C. SPELLMAN et al., Appellants.

Where, in an action by a judgment-creditor upon an undertaking given to stay proceedings pending an appeal to this court, it appeared that at the time of the commencement of the action the judgment had been regularly attached at the suit of creditors of the judgment-creditor, and the attachments were still in force, *held,* that the action could not be maintained; that the undertaking was simply a collateral security for the judgment and passed with it to the sheriff; that it was not necessary to attach the undertaking separately, as it was an incident of the judgment, not an independent liability of the sureties.

(Argued December 6, 1878; decided January 21, 1879.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial, without a jury.

This action was brought upon an undertaking given to stay proceedings, on appeal from a judgment in favor of plaintiff against Henry I. Butler.

The answer alleged and the court found that prior to the commencement of this action the judgment was duly levied upon under and by virtue of two warrants of attachment, issued in actions against the plaintiff herein, which attachments were still in force, not having been vacated, satisfied or discharged

*S. W. Fullerton,* for appellants. The levy made under the attachments was complete and valid. (*Barker* v. *Bininger,* 14 N. Y., 270; *Roth* v. *Wells,* 29 id, 471, 485; *Bond* v. *Willett,* 31 id., 102; S. C., 1 Abb. Ct App. Cases, 165; *Ostrander* v. *Walter,* 2 Hill, 329; *Troup* v. *Wood,* 4 Johns. Ch., 228; *Wood* v. *Terry,* 6 Wend., 565; *Ladd* v. *Blount,* 4 Mass., 403; *Mickles* v. *Haskins,* 11 Wend., 125; *People* v. *Hopson,* 1 Den., 574; *Ex parte Lawrence,* 4 Cow., 417; *Crocker* on Sheriffs [2d ed.], 198, § 440; *Mulford* v.

*Estudille*, 23 Cal., 95, and cases there cited; *Hadley* v. *Dickinson*, 12 id., 561; *Newsome* v. *McClinton*, 6 Geo., 392, and cases there cited; *Haysen* v. *Agt. State Prison at Auburn*, 1 Sandf. Ch., 195; *Voorhees* v. *Gros*, 3 How., 262; *La Farge* v. *Herter*, 5 Seld., 241; *Wood* v. *Terry*, 6 Wend., 562.) The judge erred in refusing to hold as a conclusion of law that the fact that plaintiff's judgments had been attached by her creditors after the executions were placed in the sheriff's hands constituted a valid defense to this action. (*Turner* v. *Fendall*, 1 Cranch, 41; *Baker* v. *Kenworthy*, 41 N. Y., 216; *Ingalls* v. *Lord*, 1 Cow., 240; *Ransom* v. *Miner*, 3 Sandf., 692; Code, §§ 232, 234, 235; *Mayhew* v. *Duncan*, 31 Barb., 87; 2 R. S., 438, §§ 67–74; *McKay* v. *Harrower*, 27 Barb., 463; *Baker* v. *Kenworthy*, 41 N. Y., 215; *Butler* v. *Wehle*, 4 Hun, 54; Code, §§ 232, 237; *Mechanics and Traders' Bank* v. *Dakin*, 50 Barb., 587; *Wehle* v. *Conner*, 69 N. Y., 546.) The recovery of a judgment against the sheriff by plaintiff constituted a defense to this action. *Gray* v. *Palmer*, 2 Robt., 500; *Rodermand* v. *Clark*, 46 id., 354; *Bank of Beloit* v. *Beal*, 34 id., 473; *Morris* v. *Rexford*, 18 id., 552; *Benedict* v. *Bank of Commerce*, 4 Daly, 171.)

*Charles Wehle*, for respondent. The fact that a levy had been made by the sheriff upon the judgments appealed from was no defense to this action. (*Hubner* v. *Townsend*, 8 Abb., 234; *Wehle* v. *Conner*, 63 N. Y., 258; *Wright* v. *Wright*, 54 id., 441; *Meritt* v. *Walsh*, 32 id., 685; *Williams* v. *Brown*, 2 Keyes, 486.)

RAPALLO, J. The undertaking on appeal upon which this action is brought, was dependent upon and followed the judgment appealed from. The payment or satisfaction of the judgment would discharge the undertaking, and an assignment or transfer of the judgment would carry with it the security of the undertaking, though not mentioned in the transfer. The sureties on the undertaking were bound to pay only the lawful holder of the judgment, and on such

payment were entitled to subrogation to all the rights and remedies of the holder of the judgment for its collection. The findings in this case show that at the time of the commencement of this action the judgment had been regularly attached at the suit of creditors of the judgment-creditor, and the right to collect the judgment had thus passed from the original judgment-creditor to the sheriff who levied the attachment. The judgment being the principal debt, and the undertaking a collateral security it passed with the principal debt, and the right to collect that necessarily included the right to enforce the collateral security. It was not necessary to attach the undertaking separately. It was an incident of the judgment, and not an independent liability of the sureties. (*Risley* v. *Brown*, 67 N. Y., 160.) The sureties were not bound to pay the original judgment-creditor after her right to collect the judgment had been transferred to the sheriff. If they should so pay the original judgment-creditor, they would be deprived of their remedies over upon the judgment, as that could be enforced for the benefit of the attaching creditors, instead of the sureties. Before the judgment-creditor can maintain this action against the sureties, she must cause the attachments to be discharged.

This determination renders it unnecessary to examine the other points in the case.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.