(33 App. Div. 293.)

### HENRY v. SALISBURY.

(Supreme Court, Appellate Division, First Department. October 7, 1898.)

ATTACHMENT—VACATING WARRANT PENDING APPEAL.
> Under Code Civ. Proc. § 3343, subd. 12, which provides that a warrant of attachment is annulled when final judgment is rendered for defendant in the action in which it was granted, but that a stay of proceedings suspends the effect of the annulment, and the reversal or vacating of the judgment revives the warrant, an order vacating a warrant of attachment pending an appeal and stay of proceedings on a judgment dismissing plaintiff's action cannot be granted.

Appeal from special term, New York county.

Action by Harry S. Henry against Monroe Salisbury. From an order vacating an attachment pending an appeal from a judgment for defendant, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Nathaniel Cohen, for appellant.
H. M. Whitehead, for respondent.

RUMSEY, J. This action was begun in September, 1893, and on that day an attachment was granted against the defendant, who was a nonresident. The action was tried on the 16th of March, 1896, and resulted in a verdict for the plaintiff for a considerable amount of money, upon which judgment was entered. An appeal was taken from that judgment to this court (43 N. Y. Supp. 851), and it was reversed; the court holding that the facts alleged in the complaint

and proved did not make out a cause of action, and that the plaintiff should have been nonsuited. Another trial was had in December, 1897, at which the same evidence only was presented to the court; and thereupon, at the close of the case, the court directed a verdict for the defendant. Judgment was entered upon that verdict, and an appeal was taken, and an undertaking staying proceedings upon the judgment pending the appeal was duly given. Such being the condition of affairs, a motion was made at the special term for an order vacating the warrant of attachment, upon the ground that the plaintiff had no cause of action against the defendant. That motion was granted, and from the order granting it this appeal is taken.

There can be no doubt of the right of a defendant against whose property a warrant of attachment has been issued to move to vacate the attachment upon the ground that no cause of action is made to appear by the complaint; nor is there any question that the court may properly grant such a motion, although it has been held that an attachment will not be vacated for such reason unless there is no doubt whether a cause of action is set out in the complaint. Furbush v. Nye, 17 App. Div. 325, 45 N. Y. Supp. 214. In this case, therefore, as it appears that no cause of action is set out against the defendant, the attachment might very properly have been vacated but for the provisions of the Code of Civil Procedure which fix the status of a warrant of attachment during the time that an appeal is pending from a judgment in favor of the defendant, and after proceedings upon that judgment have been stayed pending the appeal. By section 3343, subd. 12, it is provided that the warrant of attachment is said to be annulled when final judgment is rendered in favor of the defendant in the action in which the warrant was granted. But the statute provides that in that case a stay of proceedings suspends the effect of the annulment, and the reversal or vacating of the judgment revives the warrant. By this statute, when the judgment for the defendant was entered the warrant was annulled; that is, it became entirely vacated and of no force for all purposes. But, although it was annulled, it was clearly not the intention of the legislature that it should be finally done away with, or that its lien should be lost, because the subsequent provision of the section quoted just above expressly suspends the annulling of the warrant until the appeal has been finally determined, where an appeal has been taken, with a stay of proceedings. The statute having thus provided, it would not be proper for the court to take upon itself to make any other direction as to the warrant than that which the legislature has seen fit to give. So long as the appeal is pending, with a stay, the annulment is suspended; and, if the judgment should be reversed, by the express provisions of the statute the warrant of attachment would be reinstated. The annulment of the warrant takes place because of the judgment by which it has been determined that the plaintiff has no cause of action; but the statute thus annulling it nevertheless reserves a final conclusion as to the validity of the warrant until it shall be determined upon the appeal that the determination that there was no cause of action was a correct one; and, if that should prove to be incorrect, the legislature intends that the warrant should stand. This is entirely in-

consistent with any power in the court to vacate the warrant absolutely because the plaintiff has not made out a cause of action.    If it is vacated absolutely for that reason, it does not revive upon the reversal of the judgment for the defendant, and so much of the statute as then revives it cannot operate.

For this reason the order vacating the warrant of attachment should be reversed, with $10 costs and disbursements, and the motion to vacate the warrant denied, with $10 costs.    All concur.