(24 Misc. Rep. 511.)

### McKEAN v. NATIONAL LIFE ASS'N.

(Supreme Court, Special Term, New York County.    September, 1898.)

1. ATTACHMENT—STAY OF EXECUTION—EFFECT.
    Code Civ. Proc. § 3343, subd. 12, declares that an attachment is annulled
    when a final judgment is rendered in favor of defendant, but that a
    stay of proceedings suspends the effect of such annulment, and the re-
    versal or vacating of the judgment revives the warrant.    *Held*, that a
    stay of execution on appeal from a judgment for defendant is a stay
    within the meaning of the subdivision.

2. SAME—MOTION TO VACATE.
    Where a defendant obtains judgment in attachment, and plaintiff
    secures a stay of execution pending appeal, a motion to vacate the at-
    tachment is improper, since the warrant stands annulled by operation
    of law.

Attachment by Bernard S. McKean, as receiver, etc., against the
National Life Association.    Defendant moved to cancel the notice
thereof filed with the county clerk.    Motion denied.

Edwin D. Worcester, Jr., for the motion.
Campbell & Hance, opposed.

BEEKMAN, J.    The plaintiff, having obtained an attachment
against the property of the defendant, on the ground that it was a

foreign corporation, caused its real estate to be levied upon, and a notice in that behalf to be filed with the county clerk, as required by subdivision 1 of section 649 of the Code of Civil Procedure. Since then the case has gone to trial, and, a verdict for nominal damages having been awarded to the plaintiff, judgment has been entered in favor of the defendant for a sum representing its taxable costs less the sum of six cents, which was the amount of plaintiff's verdict. The trial justice, as appears from the minutes of the court, granted to the plaintiff a stay of execution for 60 days after notice of entry of judgment. That stay is still operative. Furthermore, it appears that the plaintiff had served a notice of appeal from the judgment to the appellate division, and intends in good faith to prosecute his appeal, and to stay proceedings during its pendency, in the manner provided by law. The defendant now moves for an order canceling the notice filed on the levy made upon the real estate, under section 711 of the Code of Civil Procedure, which provides that where an attachment has been vacated or annulled, or has been discharged as to real property attached, the court may, in its discretion, direct any such notice to be canceled of record. Section 3343 of the Code (subdivision 12) declares that an attachment is said to be "annulled" when the action in which it was granted abates or is discontinued, or a final judgment rendered therein in favor of the plaintiff is fully paid, or a final judgment is rendered therein in favor of the defendant. In the latter case, however, it is further provided that "a stay of proceedings suspends the effect of the annulment, and the reversal or vacating of the judgment revives the warrant." The counsel for defendant contends that the stay of proceedings thus referred to means something more than a stay of execution such as the plaintiff now has or may acquire on giving security on appeal. In this I find myself unable to agree with him. What other kind of stay of proceedings after entry of a money judgment could be obtained, or even would be desirable, it is somewhat difficult to imagine. Clearly, what the legislature had in mind was the protection of the plaintiff in whatever he had secured under his attachment pending an appeal or motion to vacate. To that end it was properly considered not enough to provide for a revival of the warrant, if the judgment should be vacated or reversed, for in the meantime the benefits of the levy would be lost, and there might be no property which could be reached upon such revival. To avoid any such result, and to afford a full measure of protection to the plaintiff, it was, therefore, provided, as I read the statute, that the effect of the annulment should be suspended, if proceedings for the enforcement of the judgment are stayed during the pendency of the attack upon the judgment by motion to vacate it on appeal. It seems to me that this is not only an intelligible, but even a necessary, construction of the section of the Code in question. I am therefore of the opinion that the effect of the annulment of the warrant in this case has been suspended by the stay which has been granted, and that the motion to cancel the notice filed with the county clerk on the levy must be denied.

The defendant also moves to vacate the attachment upon the papers on which it was granted. I hardly think that it is proper to enter-

tain this application at the present time. The warrant really stands annulled by operation of law, although the effect of the annulment for certain purposes is suspended by the stay. Should the warrant be revived by a reversal of the judgment, the defendant will then be in a position to make such a motion.

Motion denied, with $10 costs.