(27 Misc. Rep. 518.)

### FRIEDE v. WEISSENTHANNER.

(Supreme Court, Appellate Term. May 24, 1899.)

1. ATTACHMENT—ANNULMENT—REVIVAL—VACATION.
   Under Code Civ. Proc. § 3343, subd. 12, providing that a judgment for defendant annuls an attachment, but that a stay of proceedings suspends the effect of the annulment, and reversal of the judgment revives the attachment, the trial court has no power to vacate the attachment after judgment for defendant and pending appeal, the attachment being already dead, but subject to revival; and this though section 682 authorizes a motion to vacate at any time before application of the attached property to the judgment.

2. SAME—APPEAL.
   Action of the city court in entertaining jurisdiction to vacate an attachment is appealable.

Appeal from city court of New York, general term.

Attachment by Marcus Serbey Friede against Archille Weissenthanner. Judgment for defendant. From an order of the general

term reversing an order of the special term denying a motion to vacate the attachment pending appeal by plaintiff (56 N. Y. Supp. 399), defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Benjamin Tuska, for appellant.

George W. Cotterill and Ira Leo Bamberger, for respondent.

LEVENTRITT, J.   On the 26th day of December, 1895, this action was begun by the issuance of a warrant of attachment against the property of the defendant, a nonresident.   No proceedings were taken to dissolve the warrant until after the trial of the cause, on the 11th day of November, 1898, which resulted in an affirmative judgment for the defendant on a counterclaim.   Then the defendant moved, on the judgment roll, affidavits, and the papers on which the warrant had been granted, to have it vacated and set aside.   This application was opposed on counter affidavits.   The denial of the motion at the special term was reversed at the general term (56 N. Y. Supp. 399), and an order entered vacating the attachment. Hence this appeal.

I am of the opinion that the city court was without power to entertain the motion to vacate the attachment.   It was annulled by the judgment rendered in favor of the defendant.   Code Civ. Proc. § 3343, subd. 12.   In the absence of a stay of proceedings pending appeal, the attachment would unquestionably have been entirely vacated for all purposes, and could not have been revived.   The judgment destroyed and nullified the warrant of attachment, and, while the defendant would have been entitled to a formal order declaratory of that fact (Bank v. Bossio, 8 App. Div. 306, 40 N. Y. Supp. 994), he obviously could not institute a proceeding to kill that which no longer had life.   That, indeed, would be legal supererogation.   The defendant contends, however, that the stay of proceedings obtained by the plaintiff immediately on the rendition of the verdict, and continued by the subsequent undertaking on appeal, suspending the effect of the annulment (Code Civ. Proc. § 3343, subd. 12), preserved the vitality of the warrant, which was therefore still liable to attack.   This contention is founded on a misconstruction of the language and spirit of the Code, and of the intention of the legislature.   The enactment of this provision was intended to protect the plaintiff in the event of a reversal of an erroneous determination of the issues at the trial court; otherwise, his victory might be barren, for, even though successful on appeal, the plaintiff would find all the benefits acquired by his levy under the attachment dissipated by the prior nullification.   To avoid that result, the legislature, without continuing the life of the attachment, suspended the effect of its annulment.   Pending the appeal there is nothing to enforce or vacate.   The stay does not alter the situation, because, notwithstanding its existence, the provisional remedy is nullified. But, if the appeal results favorably to the plaintiff, then, in order to relieve against all the consequences of the error below, the law, as it were, re-creates the attachment, by reviving it and restoring

to it the life it had before the nullification. The reversal reaches back, and reinvests the plaintiff with all the rights enjoyed before the error was committed. Henry v. Salisbury, 33 App. Div. 293, 53 N. Y. Supp. 834; McKean v. Association, 24 Misc. Rep. 512, 53 N. Y. Supp. 980. Whatever form the attack may take during the period between the rendition of the judgment and the determination of the appeal, whether supported by affidavits or resting on the judgment alone, it must fail, because nothing exists against which it can be directed. The law did not contemplate any such anomalous situation, which should shield the plaintiff's rights with one hand, and destroy them with the other.

Section 682 of the Code of Civil Procedure, providing that a motion to vacate an attachment may be made at any time before the actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action, cannot be successfully invoked by the respondent, because that section necessarily presupposes the existence of an attachment. Here, until reversal, no attachment exists.

There is no force in the contention that the order under review is not appealable. The disposition of this appeal does not involve the weighing of conflicting evidence, nor the decision of controverted facts in the affidavits presented below, nor the review of the discretion exercised by the general term of the city court. It involves merely the power of the city court to entertain the application, and that question is always reviewable. The order should be reversed.

Order reversed, with costs to the appellant.

FREEDMAN, P. J., concurs.

MacLEAN, J. (concurring). An attachment was issued in this action upon the application and affidavit of the plaintiff, who was unsuccessful at the trial, and against whom judgment was entered on the 17th day of November, 1898. From that judgment plaintiff appealed, and filed an undertaking on appeal the 29th day of November, 1898. On November 23, 1898, the defendant, on his own affidavit, the judgment roll, warrant of attachment, and the affidavit upon which the warrant was originally issued, procured an order to show cause why the attachment should not be vacated. This motion, heard upon the papers mentioned above, and upon an opposing affidavit of the plaintiff, was denied by a justice at the special term in an order entered on the 21st day of December, 1898, and properly, because, as the warrant had been annulled by the judgment in favor of the defendant (Code Civ. Proc. § 3343, subd. 12), "the statute having thus provided, it would not be proper for the court to take upon itself to make any other direction as to the warrant than that which the legislature has seen fit to give." Henry v. Salisbury, 33 App. Div. 293, 53 N. Y. Supp. 834. From the order denying the motion the defendant appealed to the general term of the city court, which reversed the order below and vacated the attachment. The order of the general term should be reversed.

Order reversed, with costs to the appellant to abide the event.