MILLIKEN v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Division, First Department.   December 18, 1908.)

1. PLEADING (§ 343*)—MOTION FOR JUDGMENT ON PLEADINGS.

Under the express provisions of Laws 1908, p. 462, c. 166, adding section 547 to the Code of Civil Procedure, if either party is entitled to judgment on the pleadings, the court may, on motion, at any time after issue is joined, give judgment accordingly.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1048; Dec. Dig. § 343.*]

2. APPEAL AND ERROR (§ 1245*) — LIABILITY ON BOND TO STAY EXECUTION — PLEADING.

In an action on an undertaking to stay execution on a judgment pending appeal, an answer by defendant, a surety, alleging that prior to the entry of the judgment appealed from a warrant of attachment was issued by a third person and levied on plaintiff's cause of action on such undertaking was sufficient to admit proof that the cause of action attached was one arising on contract and found in the county, and hence subject to attachment under Code Civ. Proc. § 648, and that the attachment became merged and constituted a lien on the judgment rendered against defendant on such undertaking.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1245.*]

3. ATTACHMENT (§ 270*)—DISSOLUTION—JUDGMENT FOR DEFENDANT—EFFECT OF APPEAL.

Code Civ. Proc. § 3343, subd. 12, provides that a warrant of attachment is annulled when a final judgment is rendered for defendant, but that a stay of proceedings shall suspend the effect of the annulment, and a reversal or vacating of the judgment shall revive the warrant. Plaintiff's cause of action was attached, and thereafter judgment was rendered in his favor, and defendant appealed, giving an undertaking to stay execution on the judgment. Judgment was rendered for plaintiff in the attachment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action, but was reversed by the Appellate Division, and before the entry of final judgment on the order of reversal an appeal was taken to the Court of Appeals. *Held*, that the lien of the attachment was not annulled, and, pending the appeal to the Court of Appeals, an action could not be maintained on the undertaking, though such action was commenced before an undertaking to stay execution on the judgment of the Appellate Division was filed.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 270.*]

Appeal from Special Term.

Action by William A. Milliken against the Fidelity & Deposit Company of Maryland. From an order denying plaintiff's motion for judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Osborne & Lamb, for appellant.

Rand, Moffat & Webb (R. Burnham Moffat, of counsel), for respondent.

CLARKE, J. Appeal from an order denying a motion of plaintiff for judgment on the pleadings. The complaint alleges that on or about the 19th of May, 1906, a judgment was rendered in favor of plaintiff, Milliken, against Napoleon B. Dotson, for the sum of $25,-850.78; that said Dotson appealed from said judgment upon the 16th day of June, 1906, to the Appellate Division, and on the 14th day of August, 1906, said Dotson caused to be given a written undertaking, executed by defendant, in order to stay the execution of said judgment, which undertaking was, on August 15, 1906, approved by a justice of the Supreme Court and filed on the same date, and a copy thereof served; that by the filing of said written undertaking a stay of execution of said judgment was effected. The undertaking, after reciting the judgment, provided:

"Now, therefore, the Fidelity & Deposit Company of Maryland * * * does hereby, pursuant to the statute in such case made and provided, undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding the sum of $500, and does also undertake that if the judgment so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which said judgment shall be affirmed."

The complaint further alleges that on or about the 14th of July, 1908, a judgment of the Appellate Division was entered in the office of the clerk of the county of New York affirming the said judgment; that on July 14, 1908, a copy of said judgment was served upon the defendant and upon the attorneys for Dotson, the appellant, and a written notice of entry of said judgment of affirmance, and 10 days expired after said service prior to the commencement of this action; that the said judgment is unpaid, and is now due from the defendant to the plaintiff; that the plaintiff has duly performed all the conditions of said undertaking on his part required, and the amount due on said undertaking from defendant to plaintiff is the sum of $25,850.78, which

sum plaintiff has demanded of defendant, and defendant has refused to pay.

The answer denies knowledge or information sufficient to form a belief as to whether the judgment is now due from the defendant to the plaintiff, or as to whether plaintiff has duly performed all the conditions on his part required, or as to whether the amount due on said undertaking is due from defendant to plaintiff. In its second separate and distinct defense it alleges that prior to the recovery and entry of said judgment, and on the 18th of May, 1906, in an action then pending in this court wherein one Arthur C. Booth was plaintiff and the plaintiff herein was defendant, a warrant of attachment against the property of said Milliken duly issued to the sheriff of the county of New York, and a levy was on said day duly made thereunder upon a certain claim or cause of action owned and held by said Milliken against said Napoleon Dotson for the recovery of $25,000, with interest thereon from November 10, 1905; that the suit wherein said judgment of May 19, 1906, was recovered by said Milliken had been brought by him against said Dotson to recover said $25,000 and interest, and that upon the recovery of such judgment the claim or cause of action so in suit was merged therein, and said judgment thereupon became subject to the lien of said levy; that on October 4, 1907, judgment was entered in said action of Booth v. Milliken in favor of the plaintiff therein and against said Milliken for $226,628.93 damages and costs, but on appeal by said Milliken the Appellate Division ordered said judgment reversed and the complaint in said action dismissed, with costs to the defendant therein in the Appellate Division and in the court below; and thereafter, and prior to the commencement of this action, and on July 28, 1908, final judgment was accordingly entered in said action reversing said judgment of October 4, 1907, and dismissing the complaint, with $533.60 costs; that prior to the entry of said final judgment in favor of defendant in said action of Booth v. Milliken, and on July 27, 1908, an order was duly entered therein staying all proceedings on the part of said defendant from and after the entry of said judgment, except to serve upon the attorneys for plaintiff therein a copy of said judgment, with written notice of entry thereof, until the expiration of 10 days after the service of such copy and notice; that pending the stay of proceedings so ordered, and on or about July 30, 1908, plaintiff in said action of Booth v. Milliken duly appealed to the Court of Appeals from said final judgment of July 28, 1908, dismissing the complaint therein, with costs, as aforesaid, and gave an undertaking as required by statute to perfect such appeal and to stay the execution of the judgment appealed from, and such appeal is still pending and undetermined, and the execution of said judgment is still stayed; that prior to the entry of said final judgment of July 28, 1908, in said action of Booth v. Milliken, and prior to the commencement of this action, this defendant had actual notice of said warrant of attachment and the said levy thereunder.

Chapter 166, p. 462, of the Laws of 1908, added a new section to the Code of Civil Procedure, known as 547, as follows:

"If either party is entitled to judgment upon the pleadings, the court may, upon motion, at any time after issue joined, give judgment accordingly."

The question is whether the answer sets up the facts sufficient to constitute a defense. If it does not, the plaintiff was entitled to the relief demanded by his motion.

We think that the allegation of the answer that in an action then pending in this court, wherein one Arthur C. Booth was plaintiff and the plaintiff herein was defendant, a warrant of attachment against the property of said Milliken duly issued to the sheriff of the county of New York and a levy was on said day duly made thereunder upon a certain claim or cause of action owned and held by said Milliken against said Dotson for the recovery of $25,000, with interest thereon from November 10, 1904, was sufficient, and that thereunder proof was admissible to show that the claim or cause of action alleged to have been fully attached was one arising upon a contract belonging to the defendant and found within the county, and hence subject to attachment under the provisions of section 648 of the Code of Civil Procedure, and if the attachment was duly levied upon said cause of action, as alleged, it became merged in the judgment in the action then pending to recover thereon, and the said judgment became subject to the lien of said attachment. Arkenburg v. Arkenburg, 114 App. Div., at page 445, 99 N. Y. Supp. 1127.

The situation then presented is as follows: Milliken sued Dotson and obtained a judgment. Dotson appealed, and the defendant surety company gave an undertaking upon that appeal. The Appellate Division affirmed that judgment. Upon the entry of judgment of affirmance, the liability of the surety company to pay the amount of the judgment against Dotson to Milliken accrued; but Booth, suing Milliken, attached Milliken's claim against Dotson before judgment rendered therein, and Booth secured in his suit judgment against Milliken, but this judgment was reversed on appeal, and judgment upon said reversal was entered against Booth for costs and disbursements. By the entry of that affirmative judgment in favor of Milliken against Booth, the attachment obtained by Booth on Milliken's claim against Dotson was annulled.

Section 3343, subd. 12, of the Code of Civil Procedure, provides that:

"A warrant of attachment against property is said to be annulled when * * * a final judgment is rendered therein in favor of the defendant."

But the answer alleges that prior to the entry of said final judgment an order was duly entered therein staying all proceedings on the part of said defendant from and after the entry of said judgment, except to serve upon the attorneys for plaintiff a copy of said judgment, with written notice of entry thereof, for 10 days, and that, pending the stay of proceedings so ordered, plaintiff in said action of Booth v. Milliken duly appealed to the Court of Appeals, and gave an undertaking as required by statute to perfect such appeal and to stay the execution of the judgment appealed from. And subdivision 12 of section 3343 of the Code, supra, further provides:

"But in the case last specified [that is, when a final judgment is rendered in favor of the defendant] a stay of proceedings suspends the effect of the annulment, and the reversal or vacating of the judgment revives the warrant."

The undertaking given by the defendant surety company upon the appeal taken by Dotson from the judgment against him was an incident to the judgment and collateral security for its payment. In Wehle v. Spellman, 75 N. Y. 585, the action was brought upon an undertaking given to stay proceedings on an appeal from a judgment. The answer alleged, and the court found, that prior to the commencement of the action said judgment was duly levied upon under and by, virtue of two warrants of attachment. Rapallo, J., said:

"The undertaking on appeal, upon which this action is brought, was dependent upon and followed the judgment appealed from. The payment or satisfaction of the judgment would discharge the undertaking, and an assignment or transfer of the judgment would carry with it the security of the undertaking, though not mentioned in the transfer. The sureties on the undertaking were bound to pay only the lawful holder of the judgment, and on such payment were entitled to subrogation to all the rights and remedies of the holder of the judgment for its collection. * * * The judgment being the principal debt, and the undertaking collateral security, it passed with the principal debt, and the right to collect that necessarily included the right to enforce the collateral security. It was not necessary to attach the undertaking separately. It was an incident of the judgment, and not an independent liability of the sureties. The sureties were not bound to pay the original judgment creditor after her right to collect the judgment had been transferred to the sheriff. * * * Before the judgment creditor can maintain this action against the sureties, she must cause the attachments to be discharged."

But the appellant claims that this action was begun on the day intervening between the entry of the judgment which annulled the attachment and the day when the undertaking on appeal from that judgment to perfect the appeal and to stay the execution was given on appeal to the Court of Appeals. But the answer alleges that prior to the entry of said judgment an order was duly made staying all proceedings after the entry of judgment. The appellant claims that the provisions of the section of the Code hereinbefore cited, suspending the annulment upon a stay of proceedings, refers only to the stay of proceedings caused by the giving of the undertaking upon appeal, to perfect the appeal and to stay the execution, and that, as his action was commenced before said undertaking was given, the provisions of the statute suspending the annulment did not apply.

If the contention is correct, this possible result might follow: That the surety company would be now compelled to pay the amount of the judgment obtained against Dotson to Milliken. If the Court of Appeals should reverse the judgment in favor of Milliken in the case of Booth v. Milliken, and thereafter Booth should obtain judgment against Milliken, and the attachment in Booth's favor of Milliken's claim against Dotson should be held good, the company would be compelled to pay to Booth the Dotson judgment. We think the statute is not susceptible of an interpretation which would bring about such a result; that the stay of proceedings which suspends the annulment of the attachment is not confined to that stay which follows upon the undertaking on appeal which stays execution, but refers to any of the duly entered orders of the court, which, for the purpose of preserving the status quo, stays proceedings.

In McKean v. National Life Association, 24 Misc. Rep. 511, 53 N. Y. Supp. 980, a motion was made to cancel a notice filed with the

county clerk. An attachment was levied upon real property. Judgment had been entered for the defendant. The trial justice granted to the plaintiff a stay of execution for 60 days after notice of entry of judgment. Beckman, J., said:

"The stay is still operative. Furthermore it appears that plaintiff has served a notice of appeal and intends in good faith to prosecute his appeal and to stay proceedings during its pendency in the manner provided by law."

And after quoting section 3343, subd. 12, of the Code, the court proceeded:

"The counsel for defendant contends that the stay of proceedings thus referred to means something more than a stay of execution such as the plaintiff now has or may acquire on giving security on appeal. In this I find myself unable to agree with him. What other kind of stay of proceedings after entry of a money judgment could be obtained, or even would be desirable, it is somewhat difficult to imagine. Clearly what the Legislature had in mind was the protection of the plaintiff in whatever he had secured under his attachment pending an appeal or motion to vacate. * * * It was therefore provided, as I read the statute, that the effect of the annulment should be suspended if proceedings for the enforcement of the judgment are stayed during the pendency of the attack upon the judgment by motion to vacate it or on appeal. I am, therefore, of the opinion that the effect of the annulment of the warrant in this case is suspended by the stay which has been granted."

In Henry v. Salisbury, 33 App. Div. 293, 53 N. Y. Supp. 834, this court said:

"By this statute, when the judgment for the defendant was entered the warrant was annulled; that is, it became entirely vacated and of no force for all purposes. But, although it was annulled, it was clearly not the intention of the Legislature that it should be finally done away with or that its lien should be lost, because the subsequent provision of the section quoted just above expressly suspends the annulling of the warrant until the appeal has been finally determined, where an appeal has been taken with a stay of proceedings. * * * So long as the appeal is pending with a stay, the annulment is suspended; and, if the judgment should be reversed, by the express provisions of the statute the warrant of attachment would be reinstated."

In Friede v. Weissenthanner, 27 Misc. Rep. 518, 58 N. Y. Supp. 336, an attachment was issued upon the application of the plaintiff who was unsuccessful at the trial, and against whom judgment was entered on the 17th of November, 1898. On November 23d the defendant procured an order to show cause why the attachment should not be vacated. The Special Term of the City Court denied the motion. The General Term of said court on appeal reversed that order and vacated the attachment. On appeal to the Appellate Term, Judge Leventritt said, in reversing the General Term, referring to this Code provision:

"The enactment of this provision was intended to protect the plaintiff in the event of a reversal of an erroneous determination of the issues at the trial court. Otherwise, his victory might be barren; for, even though successful on appeal, the plaintiff would find all the benefits acquired by his levy under the attachment dissipated by the prior nullification. To avoid that result the Legislature, without continuing the life of the attachment, suspended the effect of its annulment. Pending the appeal there is nothing to enforce or vacate. The stay does not alter the situation, because, notwithstanding its existence, the provisional remedy is nullified. But, if the appeal results favorably to the plaintiff, then, in order to relieve against all the consequences of the error below, the law, as it were, re-creates the attachment, by reviving it and restor-

ing to it the life it had before the nullification. The reversal reaches back and reinvests the plaintiff with all the rights enjoyed before the error was committed. Henry v. Salisbury, 33 App. Div. 293, 53 N. Y. Supp. 834; Mc-Kean v. National Life Association, 24 Misc. Rep. 512, 53 N. Y. Supp. 980. Whatever form the attack may take during the period between the rendition of the judgment and the determination of the appeal, whether supported by affidavits or resting on the judgment alone, it must fail, because nothing exists against which it can be directed."

We think, therefore, that the determination of this case comes back to the question of whether or not the attachment was levied upon an attachable claim, and that, as the answer was sufficient to permit proof thereof, the order appealed from, denying the motion for judgment upon the pleadings, was correct, and should be affirmed, with costs and disbursements to the respondent. All concur.