(73 Misc. Rep. 401.)

### CHAPMAN v. GEORGE R. READ & CO.

(City Court of New York, Special Term.   September, 1911.)

1. PLEADING (§ 350*)—MOTION FOR JUDGMENT ON PLEADINGS—ALTERNATIVE RELIEF—STATUTE.

Code Civ. Proc. § 768, providing that relief prayed in a motion may be for one or more kinds, in the alternative or otherwise, does not permit a motion to be based upon entirely different papers or to relate to matters wholly unconnected; and a motion under section 547 for judgment on the pleadings, and in the alternative for relief from an order for examination of defendants, is improper, the two matters being wholly unconnected.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 350.*]

2. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—MOTION.

Upon motion for judgment on the pleadings, all of the facts in the opposite party's pleading are admitted, and judgment can be granted only if the complaint does not state a cause of action or the answer a defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

3. MOTIONS (§ 53*)—MOTIONS IN ALTERNATIVE—POWER OF COURT.

The court, in considering a motion, has the inherent power to separate the relief improperly prayed for in the alternative, and to grant such relief as defendant may be entitled to

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 52; Dec. Dig. § 53.*]

Action by Charles McC. Chapman against George R. Read & Co. Upon defendants' motion for judgment on the pleadings and other relief. Motion granted in part.

Kindleberger & Robinson, for plaintiff.
Wentworth, Lowenstein & Stern, for defendants.

FINELITE, J. Heretofore, and on the 17th day of August, 1911, the plaintiff's attorneys obtained an order from this court for the examination of two of the officers of the defendant company, to appear at a Special Term of this court and to submit to such examination in reference to the facts set forth in the complaint. Thereafter a motion was made by the defendant, upon the pleadings herein, and upon the respective orders made herein, including the order of August 17, 1911, returnable on the 8th day of September, 1911, for an order, first, for judgment on the pleadings dismissing the complaint, with costs; and, in the alternative, second, for an order vacating the order heretofore made on August 17, 1911, directing the above-named defendant to be examined and its deposition taken pur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suant to section 873 of the Code of Civil Procedure, and for that purpose directing William J. Van Pelt, as vice president, and George R. Read, as president, to appear and submit to an examination concerning the matters set forth in the affidavits upon which said order was made; or, in the alternative, third, that the said order may be modified by limiting the examination of the officers of the defendant to such matters as this court shall deem to be material and relevant to the issues in this action, and limiting the examination to one only of the officers of the said defendant. The plaintiff, on the other hand, in opposing this motion for judgment on the pleadings and the order made on August 17, 1911, for the examination before trial of the two officers of the defendant company, in the alternative contends that the court is without authority to grant such a motion, and that the same should be vacated.

[1, 2] It appears that by the recent change of section 768 of the Code, which has been amended in several respects, and one more in particular, that upon a motion the relief prayed for may be "one or more kinds of relief in the alternative or otherwise." This language, of course, may be presumed to refer to a situation where upon the same state of facts a person seeks two kinds of relief, such as a motion for judgment upon the pleadings, or, in the alternative, for leave to serve an amended pleading de novo upon terms. Such, I believe, was the intent of the Legislature under the said section, as amended, and not motions based upon entirely different papers and upon matters wholly disconnected. Section 547 of the Code of Civil Procedure reads as follows: "If either party is entitled to judgment upon the pleadings the court may, upon motion, at any time after issue joined, give judgment accordingly"—meaning thereby the pleadings then before the court in the action; but the court has no power to give the alternative relief as contemplated or prayed for by the defendant herein. See Ship v. Fridenberg, 132 App. Div. 782–784, 117 N. Y. Supp. 599; Emanuel v. Walter, 138 App. Div. 818, 123 N. Y. Supp. 491.

The motion is to be made upon the pleadings alone, the same as permitting a motion before the trial, as a substitute for a motion made at the beginning thereof. Milliken v. Fidelity & Deposit Co., 129 App. Div. 206, 113 N. Y. Supp. 809; Jones v. Gould, 130 App. Div. 451, 114 N. Y. Supp. 956; Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890. If the defendant moves, he admits every material fact set out in the complaint, and is entitled to judgment if the complaint does not state facts sufficient to constitute a cause of action. If the plaintiff moves, he likewise admits all the material facts set up in the answer, and is only entitled to judgment when the answer is insufficient in law or when no issue of fact is presented for determination. I cannot see in what manner or by what reasoning the defendant can pray for relief in the alternative, and therefore the motion praying for alternative relief must be denied.

[3] However, the court has the inherent power to separate the relief prayed for, and to grant such relief as the defendant may be entitled to. From a reading of the complaint the court concludes

that the plaintiff has alleged a cause of action, which cannot be disposed of until a trial is had as to the issues raised by the answer; but, however, the motion for the examination of the defendant before trial must be granted, but will be limited to the examination of one of the officers, who is in possession of knowledge with reference to the agreement made, as set forth in the complaint. Let the plaintiff's attorney notify defendant's attorney as to which officer he desires to examine as aforesaid.

The motion for judgment on the pleadings must therefore be denied. The examination before trial is set down for Tuesday, September 12th, at 10 a. m., at the Special Term of this court.