### FLICK v. WYOMING VALLEY TRUST CO.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

APPEAL AND ERROR (§ 391*)—REQUISITES FOR TRANSFER—BOND.

Under Code Civ. Proc. § 3343, subd. 12, which provides that the entry of a final judgment for a defendant in an action in which a warrant of attachment was granted annuls the warrant, but that a stay of proceedings suspends the effect of the annullment and the reversal or vacating of the judgment revives the warrant, a failure to obtain a stay of proceedings after a judgment for a defendant in conversion annulled a warrant of attachment therein, and the court could not require the plaintiff to give security further than that furnished at the time of the granting of the warrant in order to appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2077, 2088; Dec. Dig. § 391.*]

Appeal from Special Term, New York County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Warren J. Flick against the Wyoming Valley Trust Company. From an order directing the filing of additional security for an appeal from a judgment upon a directed verdict, plaintiff appeals. Reversed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Frank Walling, for appellant.
Carl A. Mead, for respondent.

DOWLING, J. This action is brought to recover the sum of $3,913.74 damages for an alleged conversion of stock. On April 27, 1908, a warrant of attachment was duly issued based on an affidavit showing, among other things, that defendant was a foreign corporation, organized under the laws of the state of Pennsylvania. Upon the granting of the warrant plaintiff furnished security in the sum of $250, which was afterwards increased to $500. The action then proceeded to trial, and on October 27, 1911, a verdict having been rendered for the defendant by direction of the court, judgment was duly entered thereupon. Thereafter, on December 11, 1911, plaintiff appealed from said judgment to this court, but gave no security upon such appeal, whereupon defendant on December 20th moved for an order directing plaintiff to file an additional undertaking in the sum of $2,500. An order was made on January 9, 1912, granting the motion to the extent of requiring plaintiff within 10 days to file an additional undertaking to the effect, if the judgment herein should not be reversed, the plaintiff would pay all costs which had been or might be awarded to the defendant, and all damages which it has sustained or might sustain by reason of the said attachment, not exceeding $1,500, and further providing that, in case plaintiff should fail to file such additional undertaking, all proceedings of the plaintiff and upon his appeal were stayed. From such order this appeal is taken.

When the order in question was made, final judgment had been entered in favor of the defendant. The warrant of attachment was therefore annulled. Code Civil Procedure, § 3343, subd. 12. That is, upon the entry of such judgment in favor of defendant the warrant became entirely vacated, and of no force for any purpose. Henry v. Salisbury, 33 App. Div. 293, 53 N. Y. Supp. 834; Friede v. Weissenthanner, 27 Misc. Rep. 518, 58 N. Y. Supp. 336; McKean v. National Life Association, 24 Misc. Rep. 511, 53 N. Y. Supp. 980. There is but one method by which the entire annulment of the warrant can be avoided after judgment in favor of the defendant, and that is by the means indicated in the section above referred to, which provides as follows, so far as is material to this appeal:

"A warrant of attachment against property is said to be 'annulled' when * * * a final judgment is rendered therein in favor of the defendant. But, in the case last specified, a stay of proceedings suspends the effect of the annulment, and the reversal or vacating of the judgment revives the warrant."

In this case no stay of proceedings has ever been obtained, and the warrant was therefore finally annulled. See cases quoted, supra. The warrant being no longer in force, the court was without power to require plaintiff to give further security thereupon.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion in all respects denied, with $10 costs. All concur.

