REGIERER v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Term. June 21, 1912.)

APPEAL AND ERROR (§ 1231*)—LIABILITY ON BONDS.

On appeal from a default judgment, a bond was given conditioned for the payment of the judgment if affirmed, or if the appeal was dismissed. The appeal was dismissed, but the default was thereafter opened, the judgment vacated, and plaintiff subsequently discontinued. *Held*, that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the sureties were not liable on the bond in an action brought after the vacation of the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4751, 4752; Dec. Dig. § 1231.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Minna Regierer against the United States Fidelity & Guaranty Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Duer, Strong & Whitehead, of New York City (Marshal Stearns, of New York City, of counsel), for appellant.

Max Brown, of New York City, for respondent.

PER CURIAM. Plaintiff is the assignee of a judgment obtained by her assignor against one Bayles, which judgment was obtained by default. Bayles appealed from the judgment so taken, and gave an undertaking, executed by the defendant, to the effect that if the judgment was affirmed, or the appeal dismissed, the defendant would pay the same. The appeal from the judgment was dismissed. Subsequently Bayles moved to open his default, which motion was denied in the lower court. The order denying the motion to open the default was thereafter reversed by this court, and the judgment vacated, and a new trial ordered; and it is said, and not disputed, that upon the new trial the plaintiff discontinued the action.

The order of this court vacating the judgment was entered as of March 21, 1912, and the present action was begun by service of the summons on March 28, 1912, so that at the time this action was commenced there was no judgment in existence in favor of plaintiff's assignor against Bayles. The vacatur of the judgment relieved the defendant from any liability under the undertaking, and this action cannot be maintained. Wehle v. Spellman, 75 N. Y. 585, 587; Milliken v. Fidelity & Deposit Co., 129 App. Div. 206, 113 N. Y. Supp. 809.

Judgment reversed, with costs, and complaint dismissed, with costs.