FOX v. LINDENMAN et al.

(Supreme Court, Appellate Term, First Department. December 20, 1913.)

APPEAL AND ERROR (§ 425*)—TIME FOR APPEAL.

Judgment against defendant was rendered on June 19th, and on June 28th, one day before defendant's right of appeal had expired, the lower court vacated the judgment, entering such order June 30th, from which order plaintiff appealed. The appellate court reversed the order, and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case was reinstated in the lower court on December 1st. On December 3d, defendant served notice of appeal. *Held*, that notice was in time, since, upon reinstatement, as defendants were restored to the same rights as existed at the time of the order of June 30th, they had one day in which to appeal from the judgment as reinstated, after service of a copy and notice of entry of order of reinstatement, which had not been done when notice of appeal was served.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2155–2161; Dec. Dig. § 425.*]

Action by Henry Fox against Samuel Lindenman and others. Judgment for plaintiff. On motion to compel plaintiff's attorneys to accept service of notice of appeal. Motion granted.

See, also, 144 N. Y. Supp. 1116.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Hyman Cohen, Isidore Cohen, and Lawrence Cohen, all of New York City, for the motion.

Goldfogle, Cohn & Lind, of New York City, opposed.

PER CURIAM. This is a motion to compel the plaintiff's attorneys to accept service of notice of appeal from the judgment in this action. A judgment in favor of the plaintiff and against the defendants was entered upon a verdict of a jury in the City Court, and notice of entry thereof was given to defendant's attorneys on June 19, 1913. The time to appeal from such judgment would have expired upon June 29, 1913, except, by reason of that day falling upon Sunday, the time was extended until June 30, 1913 (Stat. Const. Law, c. 347, Laws 1910). Upon a motion made by the defendants upon the ground that a juror concealed facts, when examined as to his qualifications, the judgment was vacated and set aside, and a new trial ordered by a justice of the City Court; the decision of this motion being made on June 28, 1913, and an order to that effect entered upon June 30, 1913. From this order, the plaintiff appealed, and the order was reversed by this court and the judgment reinstated. The order of this court reversing the order of the City Court and reinstating the judgment was made the order of the lower court, and an order duly entered thereon upon December 1, 1913. On December 3, 1913, the defendants served a notice of appeal from the judgment of June 19, 1913, as reinstated by the order of December 1, 1913, which notice of appeal was returned by plaintiff's attorneys as not having been served in time.

We are of the opinion that such service was made in time. As will be seen, when the order setting aside the verdict vacating the judgment and ordering a new trial was entered, the time to appeal from the judgment had not yet expired by at least one day. At that time no appeal could be taken, as there was no judgment to appeal from. The issues raised by the pleadings were then undisposed of, and until a new trial was had, or the order reversed, there was no judgment in the action. Gelder v. International Ore Co., 150 App. Div. 916, 135 N. Y. Supp. 406; Regierer v. U. S. Fidelity & G. Co. (Sup.) 136 N. Y. Supp. 42; Gelder v. Nat. Surety Co., 78 Misc. Rep. 38, 137 N. Y. Supp.

717. The defendants' right to appeal cannot be abridged, nor can it be extended by any court. When therefore the judgment was reinstated, the defendants were restored to the same rights as existed at the time the order of June 30, 1913, was made. They had at least one day in which to appeal from the judgment as reinstated, and such time could only be set running by service of a copy and notice of entry of the order reinstating the judgment. This was not done.

It follows therefore that the appeal of the defendants was taken in time, and this motion should be granted. Order filed.