Edward J. Greenfield, J.
This action to recover damages resulting from an attachment, which is brought against the defendant surety company, was submitted on memoranda and a stipulated set of facts.
The facts are these: The late Lenny Bruce brought an action against Fantasy Records, Inc., the plaintiff in this case, in the name of Lenny Bruce Enterprises, Inc., as his assignee. On April 25, 1963 a warrant of attachment was obtained, and the Travelers Indemnity Company executed the bond for $2,500 to indemnify Fantasy Records for all damages sustained and costs awarded in the event that it prevailed or the attachment was vacated.
On April 29, 1963 the Sheriff of the City of New York served copies of the warrant of attachment on Superior Record Sales Co., Inc. Superior informed the Sheriff that it owed Fantasy Records $4,894.33, and on June 17, 1963 it set aside $4,300 in merchandise in its warehouse.
On July 22,1963 Fantasy Records, appearing specially in the Supreme Court action, moved to dismiss the Bruce complaint on the ground that Lenny Bruce Enterprises, Inc., was not a de jure corporation and lacked the legal capacity to sue. The motion was adjourned for some time, and on October 9, 1963 Loreto, J., held that the corporation at the time of the service of the warrant of attachment had neither de jure nor de facto existence. The warrant was vacated, the complaint dismissed, and judgment entered in favor of Fantasy Records. Bruce filed a notice of appeal, but never followed up, and the motion to dismiss the appeal was granted April 7,1964.
Fantasy then commenced this action on the bond May 22, 1964. Defendant contends that recovery on the attachment bond is permissible only when there is a final judgment on the *801 merits, that the attachment here was never fully effective, and the levy expired before it was vacated, and that this action was prematurely brought to recover on the undertaking before the attachment was finally vacated.
I find that the plaintiff’s property was the subject of a valid levy by the Sheriff. CPLR 6214, which became effective September 1, 1963, and its predecessor, section 922 of the Civil Practice Act, provided that a levy would become void 90 days after service unless the court had extended the time, except as to property the Sheriff had taken into actual custody. It appears that within the 90-day period from the service of the levy herein on Superior Record Sales, Inc., that company set aside merchandise in response to the levy, and so informed Fantasy Records. This was an unequivocal relinquishment of control and an explicit acknowledgment of the Sheriff’s right to the property. The Sheriff had constructive, if not actual, custody of the merchandise, and the holding of the merchandise subject to the Sheriff’s instructions was tantamount to an assignment. {Eastern Metal Prods. Gorp. v. Landers of Arkansas, 188 F. Supp. 616, 619.) When Superior acknowledged the dominion of the Sheriff over the property, no further action was required. (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 62-133.)
In any event, there can be no question that the warrant of attachment and levy were in full force and effect on July 22, 1963, when Fantasy Records appeared specially and moved to dismiss the complaint against it. At that point, it had been required to take action and had incurred legal expenses in the attempt to free the property held subject to the attachment. These expenses were damages sustained by reason of the attachment, if plaintiff is entitled to any recovery at all. (Thropp v. Erb, 255 N. Y. 75; Hendricks v. Campbell, 7 A D 2d 949; Elsman v. Glens Falls Ind. Co., 146 Misc. 631.)
Defendant here argues, however, that there can be a recovery on the attachment bond only when the warrant has been vacated on the merits. Section 907 of the Civil Practice Act provided that costs and damages could be awarded on the undertaking “if the defendant recovers judgment” or “if the warrant is vacated”. This has been construed as barring a recovery on the bond where the attachment is vacated, even though a party was entitled to it, because of some technical defect. (Olsen v. United States Fid. A Guar. Co., 230 N. Y. 31; Plessner v. Continental Cas. Co., 25 Misc 2d 518.) CPLR 6212 (subd. [b]) spells this out more explicitly than section 907 of the Civil Practice Act, for it specifies recovery for damages and costs “ if the defendant recovers judgment or if it is finally decided that the *802 plaintiff was not entitled to an attachment” (emphasis supplied). (See 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6212.12.)
Defendant confuses the requirement that the right to attachment be finally decided with a requirement that the underlying cause of action be determined on the merits. A failure to deliver copies of the papers, or an easily remedied omission, is not fatal to an attaching plaintiff, for upon correction the attachment can be obtained. (Plessner v. Continental Cas. Co., supra.) But where the underlying action cannot be maintained or cannot support an attachment, there may be a “technical ” obstacle which is fatal even without a final disposition of the merits.
In this case there was no final determination of the merits of the controversy between Bruce and Fantasy Records. The complaint was dismissed because the corporate plaintiff named had no legal standing to sue. An appeal was never prosecuted, and so, even though an action was subsequently brought in California by Fantasy Records against Bruce to thrash out the merits, and the action there was settled, it was finally decided beyond challenge in New York that Lenny Bruce Enterprises, Inc., could not obtain any recovery here from Fantasy Records.
In this respect, the case closely resembles Minshoff v. Fid. & Cas. Co. of N. Y. (28 A D 2d 85) where the Appellate Division of this department reversed a Special Term decision that there could be no recovery on an attachment bond when the complaint had been dismissed on grounds of forum non convemens rather than on the merits. The court declared (p. 87): “ It has been finally determined that the plaintiff * * * had no right to bring the action in this forum. Having no such right, he had no right to obtain an attachment here and this is a final determination on the merits of the attachment. ’ ’ That determination is dispositive of the defendant’s contention here.
As a final argument, defendant urges that when this action upon the undertaking was brought,, the motion to vacate the attachment had not yet been made, and that it was not formally vacated until a year afterward. The motion to dismiss the complaint was made July 22,1963. The order granting that motion was entered October 11, 1963. When a notice of appeal was filed, Bruce obtained an order to show cause from the Appellate Division temporarily staying Fantasy Records from vacating the attachment and levy on Superior Record Sales Co., Inc., pending the appeal. The appeal was never prosecuted, and was dismissed April 7, 1964.
This action began May 22, 1964. On March 23, 1965 Mr. Justice Hoestadteb in the Supreme Court, New York County, *803 signed an order vacating the attachment and levies. While this order came well after the action on the undertaking, it was largely a ministerial act, designed to clear the record and dispel any lingering doubts. The attachment was effectively annulled when the underlying complaint was dismissed. It could not exist in limbo, and the cause of action which supported it was gone.
CPLR 6224 (derived from Civ. Prac. Act, § 7, subd. 4) provides that: “An order of attachment is annulled when the action in which it was granted abates or is discontinued, or a judgment entered therein in favor of the plaintiff is fully satisfied, or a judgment is entered therein in favor of the defendant. In the last specified case a stay of proceedings suspends the effect of the annulment, and a reversal or vacating of the judgment revives the order of attachment.”
When Judge Loreto dismissed the complaint, the order of attachment was annulled. Because of the stay, the effect of the annulment was suspended, but when the appeal was dismissed the stay was dissolved, and the annulment of the attachment was reinstated as of the date of the original order of dismissal. Once the attachment has been annulled because the action has abated or been discontinued or a judgment entered in favor of the defendant, it falls automatically. Annulment of an attachment order is treated the same as a vacatur. (Flick v. Wyoming Val. Trust Co., 149 App. Div. 546, 548; Matter of Dempsey, 175 Misc. 710, affd. 261 App. Div. 829.) Hence the formal order of vacatur here was an act of supererogation, and plaintiff’s right to proceed against the undertaking matured on the dismissal of the complaint.
Plaintiff accordingly is entitled to recover as damages the attorney’s fees it incurred and any other damages proximately caused by the wrongful attachment. (Elsanan v. Glens Falls Ind. Co., 146 Misc. 631, supra; Subin v. United States Fid. & Guar. Co., 21 Misc 2d 1082, affd. 12 A D 2d 49; A. C. Israel Commodity Co. v. Banco do Brasil, 50 Misc 2d 362.) The court will hold a hearing for the purpose of assessing the damages.