## MITCHELL v. DUNMORE REALTY CO. et al.

(Supreme Court, Special Term, New York County.   October 28, 1908.)

1. PLEADING (§ 343*)—MOTIONS—JUDGMENT ON PLEADINGS—STATUTORY PROVISIONS.

Under the express provisions of Code Civ. Proc. § 547 (Laws 1908, p. 462, c. 166), if either party is entitled to judgment upon the pleadings, the court may, upon motion at any time after issue joined, give judgment accordingly.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1048; Dec. Dig. § 343.*]

2. PLEADING (§ 8*)—COMPLAINT—SUFFICIENCY—CONCLUSIONS OF LAW.

A complaint to foreclose a mechanic's lien for work done under a contract which plaintiff had not fully performed which alleged that when he discontinued work the work done and materials furnished by him, which had not been paid for, were reasonably of a stated value, but did not embrace the contract, nor show its terms as to payment of installments as the work progressed, nor aver what amount was paid, did not state a cause of action, since the allegation that a payment due plaintiff had not been made was a mere conclusion of law, with no facts stated to sustain it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–19; Dec. Dig. § 8.*]

Action by Donald Mitchell against the Dunmore Realty Company and others.  On motion of defendant Murray for judgment of dismissal on pleadings.  Motion granted.

See, also, 126 App. Div. 829, 111 N. Y. Supp. 322.

Heinsheimer & Falk, for the motion.

Howard H. Sperry, opposed.

GIEGERICH, J.  This is a motion by the defendant Murray for judgment on the pleadings dismissing the complaint upon the ground that it fails to state a cause of action against the defendant so moving.  Whatever practice prior to September 1, 1908, may have been authorized by the decisions (People v. Northern R. R., 42 N. Y. 217; Ryan v. Train, 95 App. Div. 73, 88 N. Y. Supp. 441), since that date section 547 of the Code of Civil Procedure (Laws 1908, p. 462, c. 166) has set any question at rest by expressly providing that:

"If either party is entitled to judgment upon the pleadings the court may, upon motion at any time after issue joined, give judgment accordingly."

The advantages of permitting such a motion are many and manifest.  Among such advantages are the avoidance of the delay that arises from the interposition of a demurrer to a complaint or an answer.  Under the practice authorized by the new section the case can be placed upon the calendar and be moving up toward a position where it can be tried, and in the meantime the sufficiency of the pleadings may be tested by such a motion.  By such a practice, also, the parties are enabled to have questions of law determined in advance of the trial, and are thus enabled to avoid the expense and trouble of taking depositions, engaging expensive expert evidence, bringing witnesses

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from a distance, not to mention the general labor of preparing for trial, none of which could be safely omitted where reliance was placed upon the customary and time-honored method of making such a motion at the trial, because the courts almost as a matter of course deny such motions when made at the trial, or at least reserve decision thereon and go into the case upon the merits and take all the proofs.

The plaintiff's attorney insists that under a stipulation not to demur to the complaint the moving defendant is precluded from making this motion; but it is apparent, not only from the language of the stipulation, which expressly reserves to the several defendants "the right to raise such questions to the complaint, either before or upon the trial of this action, as to either of them may seem proper," but also from the affidavits submitted, that the defendant in no wise bound himself against making this motion.

Passing now to a consideration of the sufficiency of the complaint, it is found that, so far as concerns a justification for abandoning the further and complete performance of the contract in suit on the plaintiff's part, the complaint is still open to the objection pointed out when it was before the Appellate Division upon demurrer. Some amendments have been made, but they do not cure the defect referred to. There is, to be sure, an allegation that at the date when the plaintiff discontinued further performance "the work performed and materials furnished by the plaintiff theretofore, as aforesaid, which had not then been paid for, were of the total reasonable value of $41.605.31"; but the contract is not annexed to the complaint, nor is it shown what its terms were as to the payment of installments as the work progressed, nor is it even averred what amount was paid. As was said by the Appellate Division when the original complaint was before them, the allegation that the defendant Murray failed to make payment to the plaintiff due to him is a mere conclusion of law, with no facts stated to sustain it, citing Tate v. Am. Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678. So far as concerns the question of substantial performance, the complaint in its present form contains the same defect as when it was before the Appellate Division.

The motion should be granted, with $10 costs.