### JONES v. GOULD et al.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. DISMISSAL AND NONSUIT (§ 58*)—INSUFFICIENCY OF PLEADING.
    Formerly the sufficiency of a complaint could only be tested by demurrer or by motion to dismiss upon the trial, but now, under the express terms of Code Civ. Proc. § 547, as amended by Laws 1908, p. 462, c. 166, § 547, it may be tested by motion to dismiss made at special term before the trial.
    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 58.*]

2. PLEADING (§ 239*)—AMENDMENT—CONDITIONS.
    Though the merits will not be considered on a motion to amend, where, on defendant's motion to dismiss, plaintiff moved for leave to amend, the court could make it a condition to leave that the motion to dismiss be deemed to have been made to the complaint as amended.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 239.*]

3. PLEADING (§ 245*)—AMENDMENT—RIGHT TO AMEND.
    It was not error to refuse plaintiff leave to amend the complaint where he failed to move to amend until nine months after the insufficiency of the complaint was adjudicated, and in the meantime opposed an early trial on the ground that he contemplated moving to amend by bringing in other parties, and where it appears that another suit on cause of action similar to the one sought to be set up in the amendment is pending.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 245.*]

Appeal from Special Term, New York County.

Action by John S. Jones against George J. Gould and others. From an order refusing to dismiss the complaint, defendants appeal; and, from an order refusing to allow plaintiff to amend, he appeals. Modified and affirmed.

See, also, 127 App. Div. 704, 111 N. Y. Supp. 993.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Rush Taggart (Lawrence Greer and F. C. Nicodemus, Jr., on the brief), for appellants.

Charles Haldane (David McClure, on the brief), for respondent.

LAUGHLIN, J. On a former appeal herein, this court analyzed the complaint, and unanimously expressed the opinion that it does not state, a cause of action, and, although other points considered in the opinion required a reversal of the judgment, it is evident that the opinion expressed concerning the sufficiency of the complaint was deliberate, after careful consideration of the question. If the complaint be insufficient, nothing is to be gained by a long, expensive trial, and the action may as well be disposed of in advance. Under the former practice, the sufficiency of a complaint could only be tested by demurrer, or by motion to dismiss upon the trial. Now, however, the sufficiency of a complaint may be tested by motion to dismiss made at Special Term in advance of the trial. Code Civ. Proc. § 547, as amended by chapter 166, p. 462, Laws 1908.

The plaintiff made a countermotion for leave to amend the summons and complaint, returnable at the same time and place that defendants' motion was returnable, and both were heard together. If the plaintiff presented a case entitling him to amend, the court should have allowed the amendment, and, although the merits will not be considered on a motion to amend (Montgomery v. Boyd, 63 App. Div. 190, 71 N. Y. Supp. 264), the court could doubtless have made it a condition of permitting the amendment that the motion to dismiss should be deemed to have been made with respect to the complaint as amended. The court, however, denied both motions, thus holding that the plaintiff was not entitled to have the complaint amended as proposed, and that the defendants were not entitled to have the complaint as it stood unamended dismissed.

I am of opinion that the court properly denied the motion to amend the complaint, but should have granted the motion to dismiss it. The plaintiff was guilty of laches in having failed to make the motion to amend until nine months after the insufficiency of the complaint had been adjudicated by this court, and in the meantime he had opposed an early trial of the cause sought by defendants upon the ground that he contemplated making a motion to amend by bringing in all of the members of the syndicate as parties defendant. Moreover, the object of the motion to amend is to charge and hold the defendants as managers of the syndicate, and it appears that a third action, brought by plaintiff on the same claim in the Supreme Court of this state in the county of New York after the commencement of this action, to hold these defendants as managers of the syndicate and to reach the funds in their hands as such, is still pending untried and undetermined. The prayer for relief in that action, however, is for $22,000 more than is demanded in this. It would therefore seem that if plaintiff has any cause of action against defendants as managers of the syndicate, different from the alleged cause of action upon which it is sought to recover from them herein, he should be left to present it in the third action, which is still pending, and to a motion in that action to amend, if necessary to properly set it forth.

The defendants demanded, in their notice of motion to dismiss the complaint, an additional allowance. The plaintiff has rendered valuable services to defendants and to those interested with them, and his efforts to secure compensation have so far been fruitless. His remedy, if any, is not clear, and they have shown no disposition to assist him. In the circumstances, he should not be unduly burdened by the imposition of an additional allowance of costs.

It follows, therefore, that the order should be modified by dismissing the complaint, with costs, and with $10 costs of motion, and, as thus modified, affirmed, with $10 costs and disbursements to defendants. All concur.