### SHIP v. FRIDENBERG et al.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

1. PLEADING (§ 350*)—MOTIONS—JUDGMENT ON PLEADING—NATURE OF MOTION.
   A motion for judgment upon the pleadings is based upon and to be determined solely by the pleadings as they exist at the time of the motion, and cannot be aided by affidavits or testimony; and an order providing that the motion, which was overruled, could be renewed after searching the pleading by an application for particulars or plaintiff's conscience by examination, was improper.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 350.*]

2. NEGLIGENCE (§ 59*)—PROXIMATE CAUSE.
   Negligence cannot be predicated upon the happening of an accident which is not the reasonable, natural, and probable result of circumstances which, in the exercise of prudence, should have been foreseen.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 72; Dec. Dig. § 59.*]

3. NEGLIGENCE (§ 62*)—ACTS CONSTITUTING.
   The mere knowledge of defendant of the presence of a loaded revolver in a bureau accessible to a third person would not make him liable for injuries to plaintiff, caused by the independent act of the third person in taking the revolver from the bureau and wounding plaintiff; such knowledge not being the proximate cause of the third person's act, nor the result reasonably to be anticipated.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 79; Dec. Dig. § 62.*]

Appeal from Special Term, New York County.

Action by Katherine Ship against Robert Fridenberg and others. From an order denying judgment on the pleadings, the herein-mentioned defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Leopold B. Pollak, for appellant.

Gillette & Clark (Archibald Foote Clark, of counsel), for respondent.

CLARKE, J. Appeal from an order of the Special Term denying a motion by the defendant Robert Fridenberg for judgment on the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pleadings, pursuant to section 547 of the Code of Civil Procedure (added by Laws 1908, c. 166, § 1), for the dismissal of the complaint as against him. The order provides as follows:

"Ordered, that the said motion for judgment on the pleadings be and the same hereby is denied, without prejudice to renewal after searching the pleading of the plaintiff by an application for particulars or her conscience by examination."

The complaint alleges that defendant Percy Fridenberg was a householder at 60 East Fifty-Eighth street, borough of Manhattan, and that defendants Robert Fridenberg, his brother, and Paul Fridenberg, the son of Robert, were residents in the household of Percy; that Paul was an infant of about 13 years; that the plaintiff was employed by Robert as a nurse for his wife, Miriam, an invalid; that prior to June 18, 1907, Percy Fridenberg and Robert Fridenberg negligently permitted Paul to use and play with a dangerous weapon, to wit, a revolver, and that Percy Fridenberg, without the knowledge of plaintiff, negligently placed said revolver, loaded with ball cartridges, in an unlocked bureau in the room to which plaintiff and Miriam Fridenberg were assigned; that Percy Fridenberg and Robert Fridenberg negligently and knowingly permitted said loaded revolver to be and remain in said room, knowing that Paul had access thereto, and knowing that plaintiff and others were liable to be injured thereby; that on or about June 18, 1907, while plaintiff was lawfully in said rooms, the defendant Paul Fridenberg, without any just cause or provocation, took possession of said loaded revolver, and negligently, and in violation of section 468 of the Penal Code of the state of New York, intentionally pointed the same at plaintiff, thereby inflicting upon plaintiff grievous injury; that by reason of the premises, and solely by the concurrent negligence of defendants and each of them, plaintiff suffered the injuries complained of, and demands judgment for $20,000 damages.

That part of the order providing that it is without prejudice to renewal after searching the pleading of the plaintiff by an application for particulars or her conscience by examination is unjustifiable. This motion was made for judgment upon the pleadings, and must be decided upon the pleadings as they existed at the time of the motion. To permit a renewal thereof after searching the conscience of the plaintiff by examination before trial would be idle; for, even if such examination were allowed, the testimony thereunder could not be availed of upon a motion of this character. Such testimony is for use only upon the trial. This motion is based upon and to be determined solely by the pleadings, and cannot in any way be aided by affidavits or testimony. We treat, therefore, the order as denying the motion, which brings us to a consideration of the complaint, and whether the facts therein stated constitute a cause of action against the defendant Robert Fridenberg.

What is charged against him is that he negligently and knowingly permitted a loaded revolver to be and remain in an unlocked bureau in said room, where it had been placed by the defendant Percy Friddenberg, knowing that the defendant Paul had access thereto. It does

not seem that a cause of action against Robert can be predicated upon the allegation that he knew there was a loaded revolver in a bureau. As long as it remained where placed, it was innocuous. Its presence there was not the proximate cause of the injury complained of. On the contrary, by the further paragraph of the complaint it is alleged an intentional crime was committed by Paul. "The proximate cause of the event must be shown to be that which in natural, continuous sequence, unbroken by any new acts, produces the event, without which that event would not have occurred." Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216.

Plaintiff does not seek to hold appellant on the theory that he is the father of Paul, but because he himself was guilty of negligence. He did not own the revolver. He did not place it in the bureau. It was not his room. The sole claim that I can see is that he should have notified plaintiff that it was there, or should have removed it. Negligence is not to be predicated upon the happening of an accident which is not the reasonable, natural, and probable result of circumstances which, in the exercise of prudence, should have been foreseen. The mere knowledge of the presence of the revolver in the bureau cannot be held to charge the appellant with the consequences of the independent act of a third person, who took the revolver from the drawer and discharged it. Such knowledge was not the proximate cause of said act, nor was the result reasonably to be anticipated.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.