·(65 Misc. Rep. 308.)  SHIP v. FRIDENBERG et al.

(Supreme Court, Special Term, New York County. December 2, 1909.)

PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—RIGHTS.

A judgment on the pleadings is a judgment on the merits, rendered on the admission of the moving party's affirmative case by the pleadings of the other party, as where the answer raises no issue, or where an affirmative defense is not so replied to as to present an issue, or the reply to a counterclaim is insufficient; and Code Civ. Proc. § 547, authorizing the court at any time after issue joined to give judgment on the pleadings if either party is entitled thereto, does not authorize defendant, after joining issue by denying the allegations of the complaint, to move for judgment on the pleadings because the complaint is insufficient in substance.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1071; Dec. Dig. § 350.*]

Action by Katherine Ship against Percy Fridenberg and others. Application by defendant above named for judgment upon the pleadings. Application denied.

See, also, 132 App. Div. 782, 117 N. Y. Supp. 599.

Gillette & Clark, for plaintiff.
Hibbard & Lesinsky, for defendants.

BISCHOFF, J. The defendant Percy Fridenberg, after joining issue by denial of the averments of the complaint, moves for judgment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the pleadings pursuant to section 547 of the Code of Civil Procedure, upon the ground that the complaint is insufficient in substance.

Authority for such an application is not, in my view, to be found in this provision of the statute. A judgment upon the pleadings is a judgment on the merits, and proceeds upon the confession of the moving party's affirmative case, by his adversary, in the pleading interposed by the latter, thus presenting a situation where the right to affirmative judgment appears without the aid of proof. Where the answer raises no issue and presents no defense, the plaintiff may take an affirmative judgment upon the merits (see Gates v. Preston, 41 N. Y. 113), or where an affirmative defense to which a reply is ordered is not met by reply in such wise as to present an issue of facts, or a counterclaim is pleaded and the reply is insufficient, the defendant would be entitled to judgment against the plaintiff likewise upon the merits; but the term "judgment on the pleadings" has never been applied to a nonsuit or dismissal for the mere insufficient statement of the adverse party's case. The purpose of the enactment of section 547 of the Code, in its present form, certainly was not to give a party a greater advantage upon the pleadings than he could obtain at the opening of the trial, or to permit a defendant to answer and demur to the same averments in the complaint at the same time.

A dismissal not upon the merits can be sought by an answering defendant when the complaint is insufficient in substance; but this is not a judgment on the pleadings, involving the construction of all the pleadings and resulting in a judgment upon the merits of the moving party's case. Apparently to avoid the necessity for burdening the trial court with applications of the latter class, this statute was framed; but it does not embrace a case of the dismissal of a complaint for insufficiency, nor justify the granting of such extraordinary relief as to afford a party a form of judgment, conclusive upon the merits, where at best he is entitled to a dismissal which should not bar another action for the same relief. It is only a party "entitled to judgment on the pleadings" who may apply under section 547 of the Code.

While such an application as this was entertained in the present action at the instance of another defendant (Ship v. Fridenberg, 132 App. Div. 782, 117 N. Y. Supp. 599), no question was apparently raised by the respondent as to the applicability of section 547, and the court passed upon the question which the parties were content to submit for determination, conceding, so far as appears, that the motion as instituted properly involved the sufficiency of the complaint.

I conclude that the present application does not present a case for judgment upon the pleadings, and is therefore to be denied, with $10 costs.