SCHLEISSNER v. GOLDSTICKER et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1909.)

1. PLEADING (§ 345*)—JUDGMENT ON PLEADINGS.

The sufficiency of a complaint may be tested under Code Civ. Proc. § 547, providing that, if either party is entitled to judgment upon the pleadings, the court may on motion at any time after issue joined give judgment accordingly.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1055; Dec. Dig. § 345.*]

2. PLEADING (§ 229*)—JUDGMENT ON PLEADINGS.

A party whose pleading has been found insufficient, on a motion under Code Civ. Proc. § 547, providing that, if either party is entitled to judgment on the pleadings, the court may on motion at any time after issue

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

joined give judgment accordingly, should be permitted to amend on prop·
er terms.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 591; Dec. Dig.
§ 229.*]

3. PARTNERSHIP (§ 246*)—PARTNERSHIP ASSETS—REAL ESTATE.
In the absence of any agreement, express or implied, between partners
to the contrary, partnership real estate retains its character as real es-
tate between the partners and between a surviving partner and the rep·
resentatives of a deceased partner.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 523; Dec.
Dig. § 246.*]

4. PARTNERSHIP (§ 258*)—DEATH OF PARTNER—ACTIONS—PRESUMPTIONS.
In an action for partition of real estate alleged to have been purchased
by a partnership, where plaintiff claimed under one of the partners who
had died, terminating the partnership, it could not be assumed in the ab-
sence of any showing that the partnership business consisted of buying
and selling real estate.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 258.*]

5. PARTNERSHIP (§ 258*)—PARTNERSHIP REAL ESTATE—DEATH OF PARTNER—
ACTIONS—PARTITION.
Where the business of a partnership did not consist of buying and sell-
ing real estate, and one of the partners died, terminating the partner-
ship, plaintiff, claiming through deceased, was entitled to maintain par·
tition of partnership real estate as to which the partnership obligations
had been satisfied.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 258.*]

Appeal from Special Term, New York County.

Action by Rosa Schleissner against Louis Goldsticker and others.
Appeal by defendants from an order denying judgment for defendants
on the pleadings. Affirmed.

Argued before INGRAHAM, CLARKE, HOUGHTON, Mc-
LAUGHLIN, and SCOTT, JJ.

William Goldsticker, for appellants.
Abraham Benedict, for respondent.

HOUGHTON, J. After the defèndants had interposed an answer
to the plaintiff's complaint, they moved for judgment in their behalf
under section 547 of the Code of Civil Procedure. The learned Spe-
cial Term denied the motion on the ground that on a motion under the
provisions of that section of the Code the insufficiency of the complaint
could not be tested. As the provisions of that section have been inter-
preted by this court such view is erroneous. By our decisions we
have said that section 547 of the Code permitted, in effect, a trial of
the action upon the pleadings, and that on a motion made thereunder
the sufficiency of the complaint could be tested as well as the insuffi-
ciency of a defense. Jones v. Gould, 130 App. Div. 451, 114 N. Y.
Supp. 956; Milliken v. Fidelity & Deposit Co. of Maryland, 129 App.
Div. 206, 113 N. Y. Supp. 809; Searle v. Halstead & Co., 130 App.
Div. 693, 115 N. Y. Supp. 405; Levy v. Roosevelt, 131 App. Div. 8,
115 N. Y. Supp. 475; Crimmins v. Carlyle Realty Co., 132 App. Div.
664, 117 N. Y. Supp. 434; Ship v. Fridenberg, 132 App. Div. 782, 117
N. Y. Supp. 599. The learned Special Term in examining these deci-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sions, of which he was aware, was of opinion that the precise point had never been raised, and as reported they do not disclose that it had been. In making our decisions, however, this court has in fact considered the question, and concluded that of necessity the complaint as well as the answer must be searched in determining whether or not a motion for judgment on the pleadings should or should not be granted.

The section permits a party to a litigation, after issue has been joined and each has alleged by way of complaint or defense what he deems inadvisable, to test the right of either to judgment on the pleadings by motion, without waiting for the cause to be reached upon the trial calendar, and we have held that such procedure is analogous to a motion at the opening of the trial. Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890. The court has established a practice on such motion analogous to that upon demurrer, and in a proper case have held that a party whose pleading has been found insufficient should be permitted upon proper terms to amend.

The appellants insist that, had the sufficiency of the complaint been tested, it would have been found insufficient. We think not. The action is for the partition of real property alleged to have been purchased by a copartnership. One of the partners, through whom the plaintiff claims, died, thus terminating the partnership, and the complaint avers that all partnership debts have been paid in full except mortgages on the real estate in question. The title to at least one of the parcels described stood in the name of all three partners. The business of the partnership is not disclosed, but it does not appear that that business consisted of buying and selling real estate, and it cannot be assumed that the partnership business was of such a character. In the absence of any agreement, express or implied, between the partners to the contrary, partnership real estate retains its character as realty, with all the incidents of that species of property between the partners themselves and also between a surviving partner and the representatives of a deceased partner. Darrow v. Calkins, 154 N. Y. 503, 44 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637.

Notwithstanding the express holding of the above decision, the appellants insist that the complaint falls within the later case of Buckley v. Doig, 188 N. Y. 238, 80 N. E. 913. In this latter case the partnership was formal for the purpose of dealing in real estate, and it was held that, the real estate being the merchandise in which the copartnership traded, the acts of the parties showed an intention to convert the realty into personalty, and that there was of necessity an implied agreement that it be so treated. For aught that appears in the present complaint, the real property sought to be partitioned may have been purchased as an investment from the surplus earnings of the copartnership. In such a case it would retain its character of realty and be subject to partition if the partnership obligations had been satisfied without resorting to it.

Without passing upon the question as to whether a partition action is proper where title was not vested in all of the partners, but only in one or more for the benefit of the others, the present complaint states a good cause of action, for, as above indicated, the allegation is that as

to one of the parcels the title was in all three of the partners. The partnership obligations having been satisfied as to this parcel, at least the heir or devisee of the deceased partner could maintain an action in partition.

It follows, therefore, that the learned Special Term, although the reason which he gave was untenable, properly refused to grant judgment in favor of the defendants dismissing plaintiff's complaint.

The order should, therefore, be affirmed, with $10 costs and disbursements. All concur.