### EMANUEL v. WALTER et al.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. PLEADING (§ 350*)—JUDGMENT ON PLEADING—MOTION—MATTERS CONSIDERED.

Code Civ. Proc. § 547, providing that, if either party is entitled to judgment on the pleadings, the court may upon motion, at any time after issue joined, give judgment accordingly, was not intended to authorize the determination of issues of fact and law on such motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1074; Dec. Dig. § 350.*]

2. PLEADING (§ 350*)—JUDGMENT ON PLEADING—MOTION—AFFIDAVITS—EVIDENCE.

Under Code Civ. Proc. § 547, neither party may file affidavits, nor can evidence be taken.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1073; Dec. Dig. § 350.*]

3. PLEADING (§ 350*)—JUDGMENT ON PLEADING—MOTION—WHEN ALLOWED.

Under Code Civ. Proc. § 547, the motion is to be made upon the pleadings alone, and may be made before the trial as a substitute for motion made at the beginning thereof.

[Ed. Note.—For the cases, see Pleading, Cent. Dig. § 1071; Dec. Dig. § 350.*]

4. PLEADING (§ 350*)—JUDGMENT ON PLEADING—DEFENDANT'S MOTION—FACTS ADMITTED.

Under Code Civ. Proc. § 547, where the defendant moves for judgment on the pleadings, he admits every material fact set out in the complaint, and is entitled to judgment if the complaint does not state facts sufficient to constitute a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1053; Dec. Dig. § 350.*]

5. PLEADING (§ 350*)—JUDGMENT ON PLEADING—PLAINTIFF'S MOTION—FACTS ADMITTED.

Under Code Civ. Proc. § 547, where the plaintiff moves for judgment on the pleadings, he admits all the material facts set up in the answer, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is only entitled to judgment when the answer is insufficient in law, or when no issues of fact are presented for determination.·

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1053; Dec. Dig. § 350.*]

6. APPEAL AND ERROR (§ 1172*)—REVERSAL IN PART—PROPRIETY OF.

Where an appellee was entitled as a matter of law to but part of the relief demanded, the judgment will be reversed and remanded, since he will not be permitted to recover by piecemeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. § 1172.*].

Appeal from Special Term, New York County.

Action by Julianna Emanuel against Martin Walter and another, executors, and Louise Davis, executrix, of the estate of Frederick Emanuel. Judgment for plaintiff, and the executrix appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Robert S. Patterson, for appellant.

Fettretch, Silkman & Seybel (Theodore H. Silkman, of counsel), for respondent.

CLARKE, J. The action was brought in equity to set aside and declare null and void an instrument of conditional assignment, which instrument assigned, transferred, and set over the interest of a cestui que trust to one of the three trustees for the purpose of securing a loan made by said trustee to the cestui, and also to secure the performance by the cestui of her promise to pay for support as per an agreement entered into as part of the consideration of the assignment, to have the appellant, as such trustee, removed, to obtain an interlocutory judgment directing the immediate payment of $1,752.64 income of the trust fund accruing prior to June 1, 1909, and directing the trustees to render an account of their proceedings as such before the Supreme Court. The grounds upon which the plaintiff sought to obtain the relief set forth are substantially that the assignment was executed and delivered without consideration through false and fraudulent representations, and without sufficient advice and explanation of the legal import thereof, that, in accepting the assignment, the appellant acted in violation of law, and that the trustees had failed to render an account of their proceedings for more than a year prior to the commencement of this action. The answer of the defendant appellant denies the allegations imputing misconduct. Plaintiff made a motion for judgment upon the pleadings under section 547 of the Code of Civil Procedure. Answering affidavits were interposed which appear in the record, and the learned court made a decision containing findings of fact and conclusions of law and entered an interlocutory judgment adjudging the instrument void, directing the payment over of the accrued income, removing the appellant as trustee, and directing an accounting.

It appears to us that section 547 of the Code of Civil Procedure was not intended to authorize the determination of issues of fact and law by motion, instead of by trial. It reads:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"If either party is entitled to judgment upon the pleadings, the court may, upon motion, at any time after issue joined, give judgment accordingly."

Neither the moving nor the opposing party may file affidavits, nor can evidence be taken. Ship v. Fridenberg, 132 App. Div. 782, 117 N. Y. Supp. 599. The motion is to be made upon the pleadings alone, and we have interpreted the section as permitting a motion before the trial as a substitute for a motion made at the beginning thereof (Milliken v. Fidelity & Deposit Co., 129 App. Div. 206, 113 N. Y. Supp. 809; Jones v. Gould, 130 App. Div. 451, 114 N. Y. Supp. 956), and the same rule must be applied (Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890). If the defendant moves, he admits every material fact set out in the complaint, and is entitled to judgment if the complaint does not state facts sufficient to constitute a cause of action. If the plaintiff moves, he likewise admits all the material facts set up in the answer, and is only entitled to judgment when the answer is insufficient in law or when no issues of fact are presented for determination.

The main question presented upon this appeal in the case at bar is whether the trustee should be removed. Whether the court should make such a disposition depends upon the finding that the conduct of the trustee was such as to render her continuance in said office improper, unwise, and to the detriment of her cestui que trust. The plaintiff makes allegations which, if sustained, might warrant such action by the court, but the appellant emphatically denies said allegations. It is obvious that she has the right to have such issues tried. While it is true that the plaintiff seems entitled as matter of law to part of the relief demanded, it ought not to be granted piecemeal.

Our conclusion is that the motion for judgment upon the pleadings should have been denied, and that the interlocutory judgment appealed from should be reversed, and the case remitted to the Special Term for trial, with the costs and disbursements of this appeal to the appellant. All concur.