REALTY ASSOCIATES v. HOAGE et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

PLEADING (§ 345*)—MOTION FOR JUDGMENT—WHEN PROPER.

Under Code Civ. Proc. § 547, authorizing judgment on the pleadings on motion, a motion lies for judgment on the complaint and a demurrer thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

Hirschberg, P. J., dissenting.

Appeal from Special Term, Kings County.

Action by the Realty Associates against William G. Hoage and others. From an order refusing judgment on the pleadings as to defendant Hoage, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, THOMAS, and JENKS, JJ.

Lynn C. Norris, for appellant.

Frank W. Holmes, for respondent.

PER CURIAM. Upon the complaint, and the demurrer of the defendant Hoage, plaintiff moved at Special Term for motions "for judgment on the pleadings pursuant to the provisions of section 547 of the Code of Civil Procedure," and for certain relief. The learned Special Term denied the motion as to the defendant Hoage, in that he had—

"interposed a demurrer to the complaint, which presents a serious question of law and cannot be disposed of on this motion, inasmuch as the plaintiff has simply moved under section 547 of the Code, and not under section 976 of the Code, which permits of an issue of law arising upon demurrer to be brought on at any time as a contested motion."

In Theiling v. Marshall, 124 N. Y. Supp. 1066, decided by us in October, 1910, defendant demurred to the complaint, and plaintiff moved for judgment on the pleadings under the provisions of section

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

547 of the Code of Civil Procedure. The motion was denied, and this court, per Woodward, J., said:

"The denial of this motion gives rise to an appeal from the order entered, and the practical question presented is whether the complaint states facts sufficient to constitute a cause of action. If it does, then we are of the opinion that the motion was properly made, and that the plaintiff should have been given judgment upon the pleadings, or the defendant should have been given permission, under proper conditions, to answer."

In Jones v. Gould, 130 App. Div. 451, 114 N. Y. Supp. 957, this court in its First Department, by Laughlin, J., said:

"Under the former practice the sufficiency of a complaint could only be tested by demurrer or by motion to dismiss upon the trial. Now, however, the sufficiency of a complaint may be tested by motion to dismiss made at Special Term in advance of the trial. Code Civ. Proc. § 547, added by Laws 1908, c. 166."

And in Schleissner v. Goldsticker, 135 App. Div. 435, 120 N. Y. Supp. 333, it also said, per Houghton, J.:

"After the defendants had interposed an answer to the plaintiff's complaint, they moved for judgment in their behalf under section 547 of the Code of Civil Procedure. The learned Special Term denied the motion, on the ground that on a motion under the provisions of that section of the Code the insufficiency of the complaint could not be tested. As the provisions of that section have been interpreted by this court, such view is erroneous. By our decisions we have said that section 547 of the Code permitted, in effect, a trial of the action upon the pleadings, and that on a motion made thereunder the sufficiency of the complaint could be tested as well as the insufficiency of a defense. Jones v. Gould, 130 App. Div. 451 [114 N. Y. Supp. 956]; Milliken v. Fidelity & Deposit Co., 129 App. Div. 206 [113 N. Y. Supp. 809]; Searle v. Halstead & Co., 130 App. Div. 693 [115 N. Y. Supp. 405]; Levy v. Roosevelt, 131 App. Div. 8 [115 N. Y. Supp. 475]; Crimmins v. Carlyle Realty Co., 132 App. Div. 664 [117 N. Y. Supp. 434]; Ship v. Fridenberg, 132 App. Div. 782 [117 N. Y. Supp. 599]. The learned Special Term, in examining these decisions, of which he was aware, was of opinion that the precise point had never been raised, and, as reported, they do not disclose that it had been. In making our decisions, however, this court has, in fact, considered the question, and concluded that of necessity the complaint, as well as the answer, must be searched in determining whether or not a motion for judgment on the pleadings should or should not be granted."

See, too, Lane v. Fenn, 194 N. Y. 597, 88 N. E. 1123.

We are of opinion that the order appealed from must be reversed, with $10 costs and disbursements, and that the matter must be remitted to the Special Term for a decision upon the merits.

HIRSCHBERG, P. J., dissents.