World's Dispensary Medical Association, Respondent,
*v.* Robert J. Pierce, Appellant.

Trade name — action to restrain unfair competition in the use of
a trade name — unlawful use of one's own name with prefix "Dr."

1. While it is a general principle of law that one's name is his
property, and he has the same right to its use and enjoyment as he
has to that of any other species of property, it is also true that no
man has a right to sell his products or goods as those of another.
He may not through unfairness, artifice, misrepresentation or fraud
injure the business of another or induce the public to believe his
product is the product of the other.

2. One Ray V. Pierce, a physician, transferred to the plaintiff
upon its incorporation his business of manufacturing and selling,
under their trade names, several proprietary remedies which are
commonly known to the public as "Dr. Pierce's Remedies" and
also as "Pierce's Remedies." Ray V. Pierce has been at all times
and is now the president and a director of the plaintiff, and devised
the formula for each remedy. Defendant has advertised and sold
certain proprietary remedies in boxes under the name of "Dr.
Pierce," the words "R. J. Pierce" thereon being a facsimile signa-
ture. The defendant is not a licensed physician, nor entitled to
practice as such under the law of the state. *Held*, that the
defendant should be enjoined from using the prefix "Dr.," and
from using the words "Pierce" or "Pierce's" in advertising,
describing, designating, labeling or selling his proprietary reme-
dies unless said word be immediately preceded on the same line
therewith by defendant's first or proper christian name, and his
middle name or the initial letter thereof in letters identical in
size, color, style of type and conspicuousness with those of said
word, so that said word shall not appear for any of the purposes
aforesaid except when thus conjoined with the words "Robert J."
or "Robert," followed by the middle name of the defendant.

*World's Dispensary Medical Assn.* v. *Pierce*, 138 App. Div. 401,
modified.

(Argued October 30, 1911; decided November 28, 1911.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered May 7, 1910, affirming a judgment in favor of

plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David M. Dean* for appellant. The judgment should be reversed because it protects the plaintiff, a stock corporation, in the use of the trade name "Dr. Pierce," in carrying on the unlawful business of conducting the hospital and medical practice founded by Dr. Pierce. (*People* v. *W. D. Inst.*, 192 N. Y. 454; *Falk* v. *A. W. I. T. Co.*, 180 N. Y. 445.) Defendant has the right to use his own name in his own business, even though he may thereby interfere with and injure the business of another bearing the same name, provided he does not resort to any artifice or do any act calculated to mislead the public, and produce injury to the other beyond that which results from the similarity of names. (*Meneely* v. *Meneely*, 62 N. Y. 427; *Devlin* v. *Devlin*, 69 N. Y. 212; *C. S. H. Co.* v. *H. S. Co.*, 144 N. Y. 462.)

*Joseph H. Morey* for respondent. This is a flagrant case of unfair competition. Defendant's business is conceded to be based upon a deliberate fraud, designed to injure the plaintiff, and the defendant is designedly and dishonestly striving to trade upon the plaintiff's reputation. (Paul on Trade Marks, 377, § 209, 414; *Ball* v. *Broadway Bazaar*, 194 N. Y. 429; *Kohler* v. *Sanders*, 122 N. Y. 65; *Meyer* v. *Bull Medicine Co.*, 18 U. S. App. 372; *Garrett* v. *T. H. Garrett Co.*, 78 Fed. Rep. 472; *Peck Bros. & Co.* v. *Peck Bros. Co.*, 113 Fed. Rep. 291; *Arnheim* v. *Arnheim*, 28 Misc. Rep. 399; *Baker* v. *Sanders*, 80 Fed. Rep. 889; *Baker Co.* v. *Baker*, 77 Fed. Rep. 181; *Allegretti Case*, 85 Fed. Rep. 643; *Stuart* v. *Stewart Co.*, 91 Fed. Rep. 243; *Duryea* v. *National Starch Co.*, 79 Fed. Rep. 651.) The defendant's claim that one part of the plaintiff's business is unlawful has no materiality whatever in this case. (*Shaver* v. *Heller*

*& Merz Co.,* 108 Fed. Rep. 821; *General Electric Co.* v. *Wise,* 119. Fed. Rep. 922; *Trice* v. *Comstock,* 121 Fed. Rep. 620; *City of Chicago* v. *U. S. R. R. Co.,* 164 Ill. 224, 238; *Woodford* v. *Woodford,* 41 N. J. Eq. 224; *Phalen* v. *Clark,* 19 Conn. 421; *Dering* v. *Earl of Winchelsea,* 1 Cox Ch. 318; *Bateman* v. *Ferguson,* 4 Fed. Rep. 32; *Miller & Lux* v. *Enterprise Co.,* 142 Cal. 213; *Rice* v. *Rockefeller,* 134 N. Y. 174.)

COLLIN, J.   The action is to restrain unfair competition in the use of trade names.

The plaintiff was incorporated in 1879 under chapter 40 of the Laws of 1848 and the acts amendatory and supplemental thereto.   The amendatory act, chapter 838 of the Laws of 1866, authorized an incorporation "for the purpose of carrying on any kind of manufacturing, mining, mechanical, chemical, agricultural, horticultural, medical or curative business."   The objects for which the plaintiff was incorporated were "the manufacturing, compounding and vending of medicines, consultation and operating in surgery, consultation and prescribing, furnishing and administering medicines and other curative and hygienic agents for invalids and furnishing care, attendants and home accommodations for the same."   One Ray V. Pierce, a physician, transferred to the plaintiff upon its incorporation his business of manufacturing and selling under their trade names proprietary remedies and conducting a private hospital and medical practice. The proprietary remedies which the plaintiff manufactures and sells are named "Dr. Pierce's Golden Medical Discovery," "Dr. Pierce's Favorite Prescription," "Dr. Pierce's Pleasant Purgative Pellets," "Dr. Pierce's Compound Extract of Smart Weed or Water Pepper," "Dr. Pierce's Lotion Tablets," "Dr. Pierce's Cough Syrup," "Dr. Pierce's Ammonio Camphorated Liniment," and "Dr. Pierce's Medicated Soap," which are commonly known to the public as "Dr. Pierce's Remedies" and also

as " Pierce's Remedies." Ray V. Pierce has been at all times and is now the president and a director of the plaintiff and devised the formula for each remedy. The lotion tablets are sold in boxes, having upon their tops the words " Dr. Pierce's Purifying and Strengthening Lotion Tablets, World's Dispensary Medical Association, Props., Buffalo, N. Y.," and elsewhere the words " Dr. Pierce's Genuine Family Medicines," together with a facsimile signature of Ray V. Pierce, to wit: " R. V. Pierce, M. D." A part of the business of the plaintiff has been and is carrying on the hospital and medical practice founded by Ray V. Pierce. The plaintiff's remedies have become widely and favorably known and have an extensive sale throughout the United States and elsewhere.

The defendant since some time after 1899 has advertised and sold a certain proprietary remedy in the form of tablets under the name of "Dr. Pierce's Tansy, Cotton Root, Pennyroyal and Apiol Tablets," which are put up in boxes having on their tops the words "Dr. Pierce's Empress Brand Tansy, Cotton Root, Pennyroyal and Apiol Tablets," and elsewhere the words "Dr. Pierce's Empress Brand " and the words "the genuine has signature on box R. J. Pierce," the words "R. J. Pierce " being a facsimile signature. He is selling also another proprietary remedy known as "Pierce's Empress Brand Pennyroyal Tablets " in boxes having upon their tops those descriptive words and elsewhere the words " The Genuine has the signature on box R. J. Pierce," the words "R. J. Pierce " being a facsimile signature. The defendant is not a licensed physician, nor entitled to practice as such under the law of the state. The trial court found as facts that the use by defendant of the words "Dr. Pierce " is unlawful; that the names and labels used by defendant are calculated and designed to cause the public to believe that the defendant's remedies are manufactured and sold by plaintiff, and confusion between the business and remedies of the parties will be

created by their continued use; and as conclusions of law that the defendant in using the names designating his remedies is unfairly competing with the plaintiff, and that by a judgment the defendant be forever restrained from using in connection with his remedies those names or the words "Dr. Pierce" or "Dr. Pierce's," or any name which includes the word "Pierce" or "Pierce's" in such manner as to be calculated or designed to cause the purchasers of his remedies to believe them to be manufactured or sold by the plaintiff, or the word "Pierce" or "Pierce's" in connection with his business in such manner as to deceive or be calculated to deceive the public or the customers of either of the parties. The judgment of the Special Term was unanimously affirmed.

The principal contention of the defendant is that the plaintiff cannot lawfully practice medicine and conduct the hospital because it is a stock corporation (See *People v. Woodbury Dermatological Institute*, 192 N. Y. 454), and that the judgment protects its use of the trade name "Dr. Pierce" in its illegal practice, and, therefore, violates the rule that a plaintiff who does not come into a court of equity with clean hands is refused relief. (*Prince Manfg. Co.* v. *Prince's Metallic Paint Co.*, 135 N. Y. 24; *N. Y. & N. J. Lubricant Co.* v. *Young*, 77 N. J. Eq. 321.) A majority of the court do not think it necessary, under the findings of the trial court, to consider and decide whether or no the plaintiff is violating the law of the state by practicing medicine and conducting the hospital. They are of the opinion that even if it should be held that it is violating the law in this respect, it would not thereby be debarred from protection, otherwise proper, in respect of its manufacture and sale of proprietary remedies which are entirely separate from and in no manner connected with the practice of medicine. The minority of the court, of whom the writer of this opinion is one, do not assent to the view of the majority, but refrain from an unavailing discussion. The court,

therefore, leaves unconsidered and undetermined the question pressed upon us by the appellant, whether the plaintiff may lawfully practice medicine and conduct a hospital. No other contention of the appellant warrants the reversal of the judgment.

Appellant's contention that the judgment is too broad and drastic is well founded. Its restraint of the defendant from the use in any way of the designations "Dr. Pierce" or "Dr. Pierce's" is legal and just, because he is not a licensed physician nor entitled to practice under the law of the state. (Public Health Law, §§ 161, 174.) The defendant has, however, the right to use his own name in his own business. It is a general principle of law that one's name is his property, and he has the same right to its use and enjoyment as he has to that of any other species of property. (*Chas. S. Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462; *Brown Chemical Co.* v. *Meyer*, 139 U. S. 540.) It is, however, also a general principle of law that no man has the right to sell his products or goods as those of another. He may not through unfairness, artifice, misrepresentation or fraud injure the business of another or induce the public to believe his product is the product of that other. The law protects the honest dealer in the business which fairly is his, and the public from deception in trade. In this case, as in others which have been before the courts, these principles must, because of the identity in the surname of the defendant and the trade name used by the plaintiff, be reconciled and amalgamated. The plaintiff and its predecessor, Dr. Pierce, solely through a long period prior to 1899 associated the name Pierce with the proprietary remedies sold by it and which had acquired a high reputation and an extensive market. The name designates and causes the public to buy the remedies with which it is associated as those of the plaintiff. It when associated with the defendant's remedies is "calculated and designed to deceive and defraud the public, and the

1911.] Opinion, per COLLIN, J. [203 N. Y.]

buyers and users of the plaintiff's proprietary remedies and tablets." The defendant has the right to use his name. The plantiff has the right to have the defendant use it in such a way as will not injure his business or mislead the public. When there is such a conflict of rights, it is the duty of the court so to regulate the use of his name by the defendant that, due protection to the plaintiff being afforded, there will be as little injury to him as possible. Defendant should so use his name in connection with his remedies that he will obviate deception or with an explanation which will inform or be a notice to the public that those remedies are not those of plaintiff. (*Herring-Hall-Marvin Safe Co.* v. *Hall's Safe Company*, 208 U. S. 554; *Devlin* v. *Devlin*, 69 N. Y. 212; *Meneely* v. *Meneely*, 62 N. Y. 427.)

We have already stated that the defendant cannot use his name with the prefix "Dr." We have concluded that due and adequate protection will be afforded to the plaintiff and the public if the defendant is enjoined additionally from using the words "Pierce" or "Pierce's" in advertising, describing, designating, labeling or selling his proprietary remedies unless said word be immediately preceded on the same line therewith by defendant's first or proper christian name and his middle name or the initial letter thereof in letters identical in size, color, style of type and conspicuousnesss with those of said word, so that said word shall not appear for any of the purposes aforesaid except when thus conjoined with the words "Robert J." or "Robert" followed by the middle name of the defendant.

The judgment should be modified so that the restraining part thereof will provide: "Adjudged that the defendant, his servants, agents and employees, be forever enjoined and restrained from putting up, selling, advertising or offering for sale any tablets, proprietary remedy or product, manufactured by or for the defendant, under any name having the words 'Dr. Pierce' or the words

'Dr. Pierce's' as a part thereof, or in boxes or packages having upon them or bearing labels having upon them any name having the words 'Dr. Pierce' or the words 'Dr. Pierce's' as a part thereof and from using the words 'Dr. Pierce' or the words 'Dr. Pierce's' in the business of defendant; and from using the word 'Pierce' or the word 'Pierce's' in advertising, describing, designating, labeling or selling the tablets or proprietary remedies manufactured and sold by or for the defendant unless said word be immediately preceded on the same line therewith by the defendant's first or proper christian name and his middle name or the initial letter thereof in letters identical in size, color, style of type and conspicuousness with those of said word, so that said word shall not appear for any of the purposes aforesaid except when the words 'Robert J.' or 'Robert' immediately followed by the middle name of the defendant in the form hereinbefore provided are conjoined with it;" and the judgment as thus modified should be affirmed, without costs to either party. · 

CULLEN, Ch. J., GRAY, HAIGHT, VANN and HISCOCK, JJ., concur; WILLARD BARTLETT, J., votes for reversal.

Judgment accordingly.