LONGENECKER v. LONGENECKER BROS., Inc.

(Supreme Court, Special Term, Kings County.   February 24, 1913.)

1. PLEADING (§ 350*)—MOTION FOR JUDGMENT—PROCEDURE.

Under Code Civ. Proc. § 547, enacted in 1908, providing that, if either party is entitled to judgment on the pleadings, the court may, on motion at any time after issue joined, give judgment accordingly, a motion by defendant for judgment on the complaint and answer made after joinder of issue is regular, and the court must determine the motion on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—MOTION—DISPOSITION.

A motion by defendant for judgment on the pleadings after issue joined, as authorized by Code Civ. Proc. § 547, enacted in 1908, must be determined solely on the pleadings as they existed at the time of the motion, and they cannot be aided by affidavits or testimony, and, where the facts stated show that plaintiff is entitled to any relief, the motion must be denied, though the judgment demanded is not the relief to which he is entitled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 91*)—INFRINGEMENT—PARTIES.

In a suit by a partner for the wrongful use of a firm name, the copartner is a necessary party.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 101; Dec. Dig. § 91.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 59*)—INFRINGEMENT—RIGHT TO EXCLUSIVE USE OF NAME.

Where no partnership existed in conducting, by two persons, a business under a firm name neither had the right, after termination of the association, to the exclusive use of the name.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. § 59.*]

5. TRADE-MARKS AND TRADE-NAMES (§ 59*)—WRONGFUL USE OF TRADE-NAME.

One practicing dentistry under a firm name may not enjoin a corporation engaged only in the business of manufacturing and selling dental

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

supplies from using the same name followed by the word "incorporated," though no one of that name is connected with the corporation, especially in view of Public Health Law (Consol. Laws 1909, c. 45) § 203, regulating the practice of dentistry.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. § 59.*]

**6. Corporations (§ 49*)—Adoption of Name.**

A corporation on receiving its charter may select any name which it pleases, without regard to whether the name chosen represents any person connected with its affairs or not, unless the name is chosen purposely to mislead the public as to the identity of the corporation with another establishment, and so produce injury to the latter, resulting from the similarity of names.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 137; Dec. Dig. § 49.*]

**7. Pleading (§ 8*)—Conclusions—Infringement of Trade-Name.**

The allegations, in the complaint by a dentist, carrying on business under a firm name to enjoin a corporation organized for and engaging only in the business of manufacturing and selling dental supplies, from using the firm name followed by the word "incorporated," that the corporation has displayed from its place of business signs misleading the public to the damage of plaintiff, in that patients seeking plaintiff's dental parlor have been misled thereby, are mere conclusions of the pleader, in the absence of averments of the precise nature of the deception.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

**8. Trade-Marks and Trade-Names (§ 92*)—Wrongful Use of Trade-Name.**

It is essential to a sufficient statement of a cause of action for an infringement of a trade-name that there should be a dealing in competitive goods or competing for patronage of the same class of customers.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 102, 103; Dec. Dig. § 92.*]

**9. Pleading (§ 8*)—Conclusions—Infringement of Trade-Name.**

The allegations, in the complaint by a dentist, practicing dentistry under a firm name, to enjoin a corporation engaged only in the business of manufacturing and selling dental supplies from using the same name, that if the corporation is allowed to continue the display of signs containing the name followed by the word "incorporated" followed by the word "dentists," or signs of like import, plaintiff will suffer irreparable damage, is a mere conclusion, unless facts are pleaded from which the court can determine whether the conclusion is justified.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

Action by Bertram L. Longenecker against Longenecker Brothers, Incorporated. Motion for judgment on the pleadings. Granted.

Israel H. Perskin, of Brooklyn, for the motion.
Stanley Channing Fowler, of Brooklyn, opposed.

BENEDICT, J. [1] In this case, after joinder of issue, a motion is made by the defendant for judgment on the pleadings, viz., the complaint and answer. By section 547 of the Code of Civil Procedure,

enacted in 1908 in place of an earlier section which had been repealed, it is provided that:

"If either party is entitled to judgment upon the pleadings, the court may, upon motion at any time after issue joined, give judgment accordingly."

The advantage of this summary method of determining the law of the case without the delay and expense of preparing the case for trial, and even perhaps actually trying it, only to ascertain that the complaint is insufficient in law, is clearly pointed out by Mr. Justice Giegerich in Mitchell v. Dunmore Realty Co., 60 Misc. Rep. 563, 112 N. Y. Supp. 659.

[2] Such a motion must be determined solely on the pleadings as they existed at the time of the motion, and they cannot in any way be aided by affidavits or testimony. Ship v. Fridenberg, 132 App. Div. 782, 117 N. Y. Supp. 599; Standard Fashion Co. v. Thompson, 137 App. Div. 588, 122 N. Y. Supp. 300. The rules governing the determination of the motion are the same as where the motion is made at the trial.

"Where the defendant makes such motion, it cannot be granted if the facts stated show that the plaintiff is entitled to any relief, either legal or equitable, even though the judgment demanded is not the precise relief to which he appears to be entitled. Wetmore v. Porter, 92 N. Y. 76; Hotel Register Co. v. Osborne, 84 App. Div. 307 [82 N. Y. Supp. 609]. By making the motion the defendant admits every material fact set out in the complaint." Per McLaughlin, J., in Clark v. Levy, 130 App. Div. 389, 392, 114 N. Y. Supp. 890, 892.

See, also, Emanuel v. Walter, 138 App. Div. 818, 123 N. Y. Supp. 491; Milliken v. Fidelity & Deposit Co., 129 App. Div. 206, 113 N. Y. Supp. 809; Jones v. Gould, 130 App. Div. 451, 114 N. Y. Supp. 956. In several of these cases the motion was made after an answer had been interposed, and the practice was again sustained in Schleissner v. Goldsticker, 135 App. Div. 435, 120 N. Y. Supp. 333, where it was expressly approved, although the Special Term had denied the motion on the ground that on such a motion the insufficiency of the complaint could not be tested. See, also, Realty Associates v. Hoage, 141 App. Div. 800, 126 N. Y. Supp. 709, and Olsen v. Singer Man. Co., 143 App. Div. 142, 127 N. Y. Supp. 697, the opinion in the latter case being read by Mr. Justice Burr. Mr. Justice Bischoff held that, after a defendant had joined issue by denial of the averments of the complaint, he could not move under this section upon the ground that the complaint is insufficient in substance (Ship v. Fridenberg, 65 Misc. Rep. 308, 120 N. Y. Supp. 969), but his decision was reversed by the Appellate Division (136 App. Div. 931, 120 N. Y. Supp. 1146), on the authority of their former decision in the same case reported in 132 App. Div. 782, 117 N. Y. Supp. 599, supra. Under these authorities, the practice pursued in the present case is regular.

Assuming, therefore, for the purpose of this motion, all the averments of the complaint to be true, the question is presented: Do they entitle the plaintiff to any relief, either legal or equitable? If they do, the motion should be denied.

The action is brought to enjoin permanently the defendant corporation, "its members, officers, agents, servants, and all persons associated

with them or it, from using the name or words 'Longenecker Bros.' as above set forth or in any manner or form, directly or indirectly connected or associated with the practice of dentistry or in any manner or form, directly or indirectly connected or associated with the word 'dentist' or 'dentists' or word or words of like import or meaning." The plaintiff also prays that judgment be given him against the defendant for $2,500; but as he does not allege that he has been damaged in that amount, nor that the $2,500 for which he asks judgment is for damages for any unlawful act of the defendant, that part of the prayer may be disregarded.

[3] The plaintiff alleges in the first paragraph of the complaint that he is a duly licensed dentist and has practiced as such for 20 years in the borough of Brooklyn. In the second paragraph he alleges that he "for the past 20 years has had associated with him in said practice of dentistry, his brother Frank B. Longenecker, and that they, at the times hereinafter mentioned, operated a dental parlor at 491 Fulton street, borough of Brooklyn." He does not allege what style or firm was used by himself and his brother in such practice, nor that they practiced under the firm name of Longenecker Bros.; nor does he show whether or not any partnership existed between them; nor, if any existed, whether it still subsists, so that his brother would be a necessary party to such an action as this, if it involves the unlawful use of a partnership name. Neither does he show that his brother is no longer living, so as to give him (the plaintiff), as survivor, the right to the continued use of the partnership name, if any were used, nor that he received such a right upon the dissolution of any such partnership.

[4] I think it may be assumed that, if no partnership existed conducting business under the firm or style of Longenecker Bros., neither brother would have the right after a termination of the "association" to the exclusive use of the name Longenecker Brothers.

[5] The third paragraph of the complaint merely alleges that the defendant is a domestic corporation, organized under the laws of the state of New York. In this connection it will be noted that the title of the defendant is "Longenecker Bros., Incorporated," not merely Longenecker Bros. The difference is important. If a former copartnership had been doing business as Longenecker Bros. (which, as has been shown, is not alleged), and had sent bills to its customers under that name, and had displayed signs bearing that inscription, the addition of the word "Incorporated," or of its usual abbreviation, "Inc.," would serve to suggest to most customers the fact that some change had taken place in the management or proprietorship. In this connection attention should be given to the very stringent provisions of section 203 of the Public Health Law (Consol. Laws 1909, c. 45), which provides as follows:

"Every practitioner of dentistry must display in a conspicuous place upon the house or in the office wherein he practices his full name. If there are more dental chairs than one in any office or dental parlor the name of the practitioner must be displayed on or by said chair in plain sight of the patient. Any person who shall practice dentistry without displaying his name as herein prescribed, and any proprietor, owner or manager of a den-

tal office, establishment or parlor who shall fail so to display or cause to be displayed the name of each person employed as a practicing dentist or practicing as a dentist in said office, establishment or parlor, shall be guilty of a misdemeanor and punishable upon a first conviction by a fine of fifty dollars, and upon every subsequent conviction by a fine of not less than one hundred dollars, or by imprisonment for not less than sixty days, or by both fine and imprisonment."

The fourth paragraph alleges:

"That the purpose of said defendant corporation, as set forth in its certificate of incorporation, filed in the office of the clerk of Kings county July 24, 1912, is the manufacture and sale of tooth powders of all description, tooth brushes, dental instruments, dental chairs, and dental supplies generally."

Nowhere does it appear that the corporation has been formed for the purpose of practicing dentistry, nor that it does practice dentistry; on the contrary, the pleader distinctly avers that the business to be carried on by the defendant is quite dissimilar to his own. In fact, by all recognized standards, he himself is not in "business" at all. He practices a profession the success or failure of which is largely the result of his personal skill and reputation; whereas, the defendant does not, according to his complaint, practice that profession at all. Indeed, it cannot do so except under the limitations of section 203 of the Public Health Law already noticed, and it is at least a debatable question whether it could lawfully practice dentistry at all. It can legally, by his own showing, only manufacture and sell certain articles, the products of capital and labor, which are useful to the public generally and to dentists in particular. That there is a very clean-cut distinction between these two things must be evident from the mere statement of the proposition. That an analogous distinction exists between the practice of medicine and the "manufacture and sale of proprietory remedies which are entirely separate from and in no manner connected with the practice of medicine" is shown by the opinion of Judge Collin in the case of World's D. M. Association v. Pierce, 203 N. Y. 419, at page 423, 96 N. E. 738, at page 740.

The fifth paragraph alleges that the office of the defendant is located at 539 Fulton street, Brooklyn. There is no allegation that the plaintiff ever had his office at that address. He states, on the contrary, that for 20 years his office has been at 491 Fulton street.

[6] The sixth allegation is that no one of the name of Longenecker is in any way connected with the defendant corporation. A corporation on receiving its charter may select any name which it pleases, without regard to whether the name chosen represents any person connected with its affairs or not. The name so chosen may violate the rules of rhetoric; it may be strange, harsh, or uneuphonious; or it may be pleasing, attractive, and alluring to trade. All these considerations are of no consequence, unless also it be chosen purposely to mislead the public as to the identity of the corporation with another establishment, and so produce injury to the other beyond that which results from the similarity of the names. See Meneely v. Meneely, 62 N. Y. 427, 20 Am. Rep. 489; Masters v. Brooks, 132 App. Div. 879, 117 N. Y. Supp. 585; World's Dispensary Medical Ass'n v. Pierce, 203 N. Y. 425, 96 N. E. 738.

[7] The seventh and eighth paragraphs read as follows:

"That at said 539 Fulton street, borough of Brooklyn, the defendant here-in has caused to be displayed therefrom, to the public, signs calculated to and which actually do mislead and deceive the public, in that said signs read, 'Longenecker Brothers, Inc., Dentists.'

"That said display of said signs, as above set forth, has greatly damaged the plaintiff herein, in that patients seeking the plaintiff's dental parlor at 491 Fulton street, borough of Brooklyn, have been misled and deceived thereby."

In view of the dissimilarity not only in name but in the essential nature of the business of the defendant and the profession of the plaintiff, these allegations must be regarded as mere conclusions of the pleader, unless they be accompanied by some averments showing the precise nature of the deception. It surely could not be contended that a patient seeking relief at the hands of a skillful dentist from a painful tooth would be deceived by the agents of a corporation into the purchase of tooth powders or other dental supplies and accept and pay for these articles in lieu of the treatment which he was seek-ing. As has already been pointed out, there is no allegation that the defendant corporation is practicing dentistry and by a similarity of names practicing a fraud on the plaintiff's patients.

[8] I think it is essential to a sufficient statement of a cause of ac-tion for an infringement of a trade-name that there should be a deal-ing in competitive goods, or competing for patronage of the same class of customers. Eureka Fire Hose Co. v. Eureka Rubber Man. Co., 69 N. J. Eq. 159, 60 Atl. 561; Elgin National Watch Co. v. Love-land (C. C.) 132 Fed. 41. The complaint here does not allege that the defendant is competing either fairly or unfairly for the profits which the plaintiff derives from the practice of his profession. If it did al-lege that such was the case, then a court of equity might interfere and grant injunctive relief even though it were not a case of carrying on a trade or industrial or financial business. B. P. O. Elks v. Improved B. P. O. Elks, 205 N. Y. 459, 98 N. E. 756.

[9] The ninth paragraph, alleging simply that if the defendant cor-poration be allowed to continue the display of the signs, or signs of like import and meaning, plaintiff will suffer irreparable damage there-by, is, as was pointed out by Mr. Justice Rich in Kienle v. Gretsch Realty Co., 133 App. Div. 394, 117 N. Y. Supp. 502, "a mere conclu-sion of the pleader and of no legal effect, unless facts which support and justify such conclusion are pleaded, from which the court can de-termine whether or not the conclusion is justified. In the absence of such facts a complaint in equity is bad."

Taking the entire complaint together, it does not, I think, state facts sufficient either in law or in equity to support or constitute any cause of action, under established rules of pleading to which at least some slight attention should be paid.

Motion granted, with costs.