Buffalo Oyster Company, Inc., Plaintiff, *v.* Nicholas J. Nenno and Another, Doing Business under the Name and Style of " Nenno & Co.," Defendants.

Supreme Court, Erie County, May 25, 1928.

**Trade-marks and trade names — action to restrain interference with trade and good will of corporation purchased by plaintiff — one of defendants had conducted fish store for many years and ultimately organized corporation — corporation made assignment for benefit of creditors and plaintiff purchased property — transfer by assignee purported to sell good will of corporation — sale was not voluntary and members of corporation may use their own name and solicit old customers — plaintiff may do likewise.**

The plaintiff seeks to restrain the defendants from interfering with the trade and good will of a corporation organized and owned by the defendants, which the plaintiff purchased from an assignee for the benefit of creditors. It appears that one of the defendants conducted a fish business for more than forty years; that a few years ago the business was incorporated and the other defendant taken in as a member of the corporation; that thereafter the corporation made an assignment for the benefit of creditors and the plaintiff purchased from the assignee the property of the corporation, including its trade and good will.

The sale by the assignee of the good will of the corporation was not voluntary, and, therefore, those interested in the corporation cannot be restrained from using their own name in carrying on a similar business and soliciting their old customers, nor will they be restrained from stating to the public generally that they are the same persons who formerly conducted the business, but they will not be permitted to use their name in connection with the words " & Co."

Likewise, the plaintiff may solicit the customers of the corporation and state that it has purchased the property of the corporation and its good will, but may not do anything to lead the public to believe that the defendant who conducted the fish business for so many years is in any way connected with the plaintiff.

Action to restrain interference with trade and good will of corporation purchased by plaintiff.

*Ralph K. Robertson,* for the plaintiff.

*Sundel J. Holender,* for the defendants.

Harris, J.   Action tried at April Equity Term.   The remedy sought is an injunction against the defendants interfering with the trade and good will of Nenno & Co., Inc., which the plaintiff claims to have bought and to own; the defendants deny the ownership of such trade and good will by the plaintiff and make claim, asking that the plaintiff be restrained from interfering with their business which the defendants are conducting under the name of Nenno & Co.

The facts found by me are as follows: That some forty years ago the defendant Nicholas J. Nenno entered into the fish business, and continually, for thirty-four years thereafter, conducted business in his own name and meanwhile establishing a reputation in the city of Buffalo and the market drawing thereon of being a specialist and an expert in selecting and marketing fish and other fresh water and sea foods.   About six years ago the corporation Nenno & Co., Inc., was formed.   Practically the sole owner of stock therein was the son of the defendant Nicholas J. Nenno, Nicholas J. Nenno himself being merely an employee of such corporation, except that a few months prior to the general assignment hereinafter mentioned, the defendant Nenno became an officer and a minority stockholder. After six years of existence the corporation, due to trouble in its financial affairs, was forced to make a general assignment in the usual form to one Waters, and the said Waters subsequently liquidated the business of Nenno & Co., Inc., by selling the fixtures to some parties other than the plaintiff and by selling the stock in trade to the plaintiff for the sum of $305, that being the inventory for all such stock in trade; shortly thereafter a new bargain was made between the plaintiff and such assignee Waters, by virtue of which the said plaintiff paid said assignee Waters, in place of the sum of $305 for such stock in trade, the sum of $400, on receipt of which sum of $400, said assignee Waters delivered to the plaintiff the following written instrument:                    *" March* 30, 1928.

" As assignee of Nenno & Co., Inc., received from Buffalo Oyster Co., $400.00 for my right, title, and interest in the stock, trade and the goodwill of Nenno & Co., Inc.

" EDWARD A. WATERS."

During the negotiations between the plaintiff and the said Waters, the plaintiff was informed by the said Waters that certain

food containers bearing the name Nenno & Co., Inc., could not be used by the plaintiff, and the plaintiff agreed to cover over such name.

Following the receipt of such Exhibit 2 the plaintiff received from the said assignee Waters a copy of the list of the former customers of Nenno & Co., Inc., and sent to such former customers a letter stating that the plaintiff had purchased the stock, trade and good will of Nenno & Co., Inc. The plaintiff endeavored to secure an option on a renewal of the lease of the premises formerly occupied by Nenno & Co., Inc., but the landlord refused to give such option and did give a lease on such premises to the defendants. The existing lease under which Nenno & Co., Inc., occupied such premises was terminated by expiration within a few weeks after the assignment to said Waters. Subsequent to such assignment to the said Waters the defendants formed a copartnership and took the assumed name of Nenno & Co., and solicited business from the former customers of Nenno & Co., Inc., and in at least one instance referred to themselves as being " the same firm." Such defendants in their new business received trade from former customers of Nenno & Co., Inc.

In deciding the issues of this action it becomes necessary for the court to determine what rights the plaintiff obtained by virtue of the instrument from the said Waters, dated March 30, 1928, above set forth, and what right the defendant Nicholas J. Nenno has to engage in the lake and sea business, and how far the said Nicholas J. Nenno may go in soliciting the former trade of Nenno & Co., Inc.

Ordinarily, a voluntary transfer of trade and good will gives to the purchaser of such trade and good will the right to object to the assignor and to third parties soliciting former customers of the assignor or interfering with the purchaser of the good will seeking and holding the trade of the assignor. But if the transfer is an involuntary one, that is, one made under restraint and without benefit to the original owner of such trade and good will, such original owner is free to again establish himself in a similar business and to solicit his old customers. (*Von Bremen* v. *MacMonnies*, 200 N. Y. 41; *Bellows* v. *Bellows*, 24 Misc. 482; *Walker* v. *Mottram*, L. R. 19 Ch. Div. 355.)

The transfer in the case at bar was one not made voluntarily and not for the benefit of Nenno & Co., Inc.

Further, the courts will not permit a name or good will to be used to mislead the public as to whom they are dealing with when it would be to their injury to deal with one other than the one with whom they intended to deal. (*World's Dispensary Medical*

*Association* v. *Pierce*, 203 N. Y. 419; *Cutter* v. *Gudebrod Bros. Co.*, 36 App. Div. 362.)

Undoubtedly it is the law that no man, unless he has voluntarily parted with that right, may be deprived of the use by him of his name in business.

There is no claim put forward by the plaintiff that the defendant Nicholas J. Nenno himself, at any time, in any way, lost any right to use his own name in any business that he desired, including his former business of dealing in lake and sea foods.

This court is of the opinion that fish and other lake and sea foods are, due to their perishable nature and due to the tastes of persons consuming the same, commodities of a type which the general public purchase relying, largely at least, upon the skill, the experience and the reputation of the individual dealing in the same. As has been said, the proof is that the defendant Nenno himself had, through forty years of experience, gained a knowledge of the selection and handling of fish and other lake and sea foods, and to the mind of the court the acquaintance of the public with such knowledge must have been a potent factor in bringing the business of the public to the defendant Nenno and to the corporation Nenno & Co., Inc., with whom he was engaged. If there has been a transfer of the trade and good will of such corporation, the public dealing with the purchaser of such trade and good will are entitled to know that such purchaser has not the services of the defendant Nicholas J. Nenno. The said defendant Nicholas J. Nenno has not in any way bound himself to abstain from the fish and other lake and sea food business, and is, therefore, entitled to enter into the same. The use of the assumed name of Nenno & Co. by the defendant, however, is one that may mislead certain of the trade of Nenno & Co., Inc., who may desire to follow the ownership of the trade in their dealings rather than the individual, whose knowledge was a large part of the business of said corporation, and these persons should not be deceived by the use of a similar name.

The court is, therefore, of the opinion that the equities of this situation and in this action require this disposition of the issues before the court:

The defendant Nicholas J. Nenno, either in conjunction with others or by himself, may use his own name in any combination except with the words " & Co.," and may refer to his former experience and to his connection with Nenno & Co., Inc. He may inform the entire world, including those with whom he formerly had personally dealt, of the establishment of his new business, so that those desiring to have the benefit of his skill and experience

in selecting and marketing fish and other lake and sea foods may deal with him. The plaintiff may continue to inform the former customers of Nenno & Co., Inc., that it has purchased the trade and good will of Nenno & Co., Inc., and may solicit such former customers of Nenno & Co., Inc., but may not do anything to lead the public to believe that the defendant Nicholas J. Nenno himself is in any way connected with the business of the plaintiff, and may not use the name Nenno & Co., Inc., or any similar name.

The plaintiff has not produced before the court any proof on which the court can predicate a finding that the plaintiff has been damaged by the defendants.

Proposed decision and judgment in accordance with the above may be agreed upon by the parties hereto, or in the event that it cannot be so agreed upon, may be submitted to me for settlement not later than May 25, 1928.